[No. C048390. Third Dist. July 6, 2006.]

DONALD M. WANLAND, JR., et al., Plaintiffs and Appellants, v.
LAW OFFICES OF MASTAGNI, HOLSTEDT & CHIURAZZI et al.,
Defendants and Respondents.

## Counsel

Wanland & Spaulding, Wanland & Bernstein, Donald M. Wanland, Jr., and Daniel D. McGee for Plaintiffs and Appellants.

Freidberg & Parker, Edward Freidberg and Kathleen Kerekes for Defendants and Respondents.

## Opinion

**HULL, J.**—In an earlier appeal, we affirmed a judgment of dismissal following an order granting defendants' special motion to strike under the anti-SLAPP (anti-strategic lawsuit against public participation) statute (Code Civ. Proc., § 425.16; further undesignated section references are to the Code of Civil Procedure). We also awarded defendants costs and attorney fees on appeal, with the amount to be determined by the trial court.

On remand, the trial court entered an order for costs and attorney fees that included expenses incurred both for the appeal and for a challenge to the undertaking submitted by plaintiffs to stay enforcement of the judgment pending appeal.

Plaintiffs appeal, challenging only that portion of the costs and attorney fees award arising from litigation of the undertaking. Plaintiffs contend the award exceeded the trial court's jurisdiction under section 425.16 and the terms of our remand. We affirm the postjudgment order awarding costs and attorney fees.

## FACTS AND PROCEDURAL HISTORY

We take judicial notice of our decision from the earlier appeal in this matter (*Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi* (Mar. 30, 2004, C042918) [nonpub. opn.] (hereafter *Wanland v. Mastagni I*)). (Evid. Code, § 452, subd. (c).) On August 3, 1999, Shannon Mello and Georgia Wanland were involved in an automobile accident. At the time of the accident, Mello was a clerical employee of the Law Offices of Mastagni, Holstedt & Chiurazzi (Mastagni). She reported the accident to Michael Kelly, a Mastagni attorney. Georgia Wanland reported the accident to her husband, Donald Wanland, an attorney with the firm of Wanland & Bernstein. (*Wanland v. Mastagni I*, at pp. 2–3.)

On August 24, 1999, Kelly filed suit on behalf of Shannon Mello against Georgia and Donald Wanland (the Wanlands) for personal injury and property damage. However, because of a concern that Mastagni employees might need to be called as witnesses, Christopher Kreeger was later substituted in as counsel for Mello. (*Wanland v. Mastagni I, supra*, C042918, at p. 6.) The case was submitted to judicial arbitration and, on July 7, 2000, the arbitrator awarded Mello damages in the amount of $28,280.69. The arbitration award was rejected and the matter was tried to a jury. The jury returned a 9–3 verdict in favor of the Wanlands. (*Id.* at pp. 10–11, 13.)

On April 25, 2002, the Wanlands initiated this malicious prosecution action against Mastagni, Kelly and Kreeger. Mastagni, Kelly and Kreeger filed motions to strike the complaint under the anti-SLAPP statute. On August 9, 2002, the trial court granted the motions to strike. The court concluded this was a SLAPP suit and the Wanlands failed to establish a probability of prevailing because they could not establish a lack of probable cause for the underlying negligence claim. Judgment of dismissal was entered, which included an award of costs and attorney fees to Mastagni, Kelly and Kreeger. (*Wanland v. Mastagni I, supra*, C042918, at p. 13.)

The Wanlands filed a notice of appeal on December 19, 2002. (*Wanland v. Mastagni I, supra*, C042918, at p. 14.) From January through April 2003, the parties litigated in the trial court the adequacy of the Wanlands' undertaking to obtain a stay of enforcement of the judgment pending appeal.

Ultimately, the trial court "recognize[d] that the number of hours spent on the surety issue were necessarily incurred due to [the Wanlands'] repeated failures to provide proper sureties, and by presenting a forged signature in one instance, and inadequate property descriptions in other cases." The court added that "[w]hile the court has concluded that a portion of this time appears excessive, it is true that all of this expense could have been avoided had plaintiff provided proper sureties or a cash bond in the first instance."

On March 30, 2004, this court issued its nonpublished opinion in *Wanland v. Mastagni I*, affirming the judgment in its entirety. We further awarded Mastagni, Kelly and Kreeger costs and attorney fees on appeal, with the amounts to be determined by the trial court on remand. (*Wanland v. Mastagni I, supra*, C042918, at p. 27.)

Mastagni, Kelly and Kreeger filed a motion in the trial court for an award of costs and attorney fees on appeal in the amount of $45,810. The attorney fees included time spent by those parties in litigating the adequacy of the Wanlands' undertaking and in presenting the motion for attorney fees.

The trial court awarded Mastagni, Kelly and Kreeger $20,312.50 in attorney fees for the appeal and motion for attorney fees and $16,940 in attorney fees for litigating the adequacy of the Wanlands' undertaking. The court explained the expenses incurred in challenging the undertaking are " 'costs and fees on appeal' " within the meaning of our award. In the alternative, the court concluded such expenses are properly awarded as costs under Code of Civil Procedure sections 425.16 and 1033.5.

The trial court thereafter entered an amended judgment of dismissal striking the complaint, awarding Kreeger attorney fees and costs of $19,518 for work done on the motion prior to the appeal, awarding Mastagni and Kelly attorney fees and costs of $21,624 for work done on the motion prior to the appeal, and awarding Mastagni, Kelly and Kreeger attorney fees in the amount of $37,252.50, consisting of $20,312.50 for the appeal and the later motion for attorney fees and $16,940 for litigating the adequacy of the undertaking. The Wanlands appeal from the order awarding attorney fees on appeal.

DISCUSSION

I

*Introduction*

The Wanlands pursue a scattershot approach to challenging the award of attorney fees incurred in litigating the undertaking. They argue the award exceeds the scope of section 425.16, which authorizes costs and attorney fees only for the motion to strike, not the entire action. They further argue the award does not fall within the scope of our earlier award of costs and attorney fees on appeal. Finally, the Wanlands assert the award is not authorized by section 685.040.

Mastagni, Kelly and Kreeger contend the Wanlands have forfeited their challenge to the attorney fees award by failing to argue the trial court abused its discretion. According to Mastagni, Kelly and Kreeger, "[t]he clear standard on an appeal of an award of attorney's fees is for an abuse of discretion." We disagree. The abuse of discretion standard comes into play only where the trial court has discretion to act. The Wanlands contend the trial court had no discretion to award attorney fees for time spent challenging their undertaking. This presents an issue of law subject to independent review.

II

*Section 425.16*

■ Section 425.16, subdivision (c), authorizes an award of attorney fees to a prevailing party on a special motion to strike. It reads: "In any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5."

In *Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 39 Cal.App.4th 1379 [46 Cal.Rptr.2d 542], the Court of Appeal found the language of section 425.16, subdivision (c), to be ambiguous because it can be read to authorize attorney fees for the entire action or only for the motion to strike. (*Lafayette Morehouse, Inc.*, at p. 1383.) The court concluded the

legislative history as well as the overall language of the provision demonstrates "the Legislature intended that a prevailing defendant on a motion to strike be allowed to recover attorney fees and costs only on the motion to strike, not the entire suit." (*Ibid.*; see also *Paul for Council v. Hanyecz* (2001) 85 Cal.App.4th 1356, 1362, fn. 4 [102 Cal.Rptr.2d 864] [section 425.16, subdivision (c), "has been held to provide for an award of only those fees and costs incurred in connection with the motion to strike, not the entire action"].)

The Wanlands contend the challenge of Mastagni, Kelly and Kreeger to the undertaking was not part of the motion to strike, but instead involved *enforcement* of the order granting the motion. We are not persuaded.

Assuming section 425.16, subdivision (c), is limited to an award of costs and attorney fees incurred in connection with the special motion to strike, this has been interpreted to include expenses incurred in litigating an award of attorney fees after the trial court has granted the motion to strike. (See *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1141 [104 Cal.Rptr.2d 377, 17 P.3d 735].) It also includes fees incurred in responding to an appeal of an order granting a special motion to strike or an order awarding attorney fees in connection with such motion. (See *Wilkerson v. Sullivan* (2002) 99 Cal.App.4th 443, 448 [121 Cal.Rptr.2d 275].) "A statute authorizing an attorney fee award at the trial court level includes appellate attorney fees unless the statute specifically provides otherwise. [Citations.] Under . . . section 425.16, subdivision (c), a prevailing defendant on a special motion to strike a SLAPP suit 'shall be entitled to recover his or her attorney's fees and costs.' The statute does not preclude recovery of appellate attorney fees by a prevailing defendant-respondent; hence they are recoverable." (*Evans v. Unkow* (1995) 38 Cal.App.4th 1490, 1499–1500 [45 Cal.Rptr.2d 624]; see also *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 785 [54 Cal.Rptr.2d 830].)

Where costs and attorney fees are authorized for responding to an appeal of an order awarding costs and attorney fees under section 425.16, subdivision (c), there is no reason why this should not also encompass costs and attorney fees incurred in challenging the undertaking submitted by the plaintiff to stay enforcement of the award pending appeal. It was the Wanlands who decided to appeal the award and seek a stay of its enforcement. Mastagni, Kelly and Kreeger were forced to respond to protect the award. As set forth earlier, the trial court found the Wanlands' inadequate sureties led to the litigation regarding the undertaking and the Wanlands do not challenge that finding here.

Section 425.16, subdivision (c), is intended to compensate a defendant for the expense of responding to a SLAPP suit. (*Robertson v. Rodriguez* (1995) 36 Cal.App.4th 347, 362 [42 Cal.Rptr.2d 464].) To this end, the provision "is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extracting herself from a baseless lawsuit." (*Wilkerson v. Sullivan, supra*, 99 Cal.App.4th at p. 446.)

■ If an award of costs and attorney fees is not permitted for a challenge to an inadequate undertaking submitted to stay enforcement of an award of attorney fees under section 425.16, subdivision (c), the protection provided to a defendant who is brought into court for exercising free speech and petition rights would be compromised. This would be inconsistent with the Legislature's directive that section 425.16 be broadly construed to encourage continued participation in free speech and petition activities. (§ 425.16, subd. (a); see *Rosenaur v. Scherer* (2001) 88 Cal.App.4th 260, 286 [105 Cal.Rptr.2d 674].) In our view, the full protection of a defendant's rights requires an award of attorney fees for litigating the adequacy of the plaintiff's undertaking.

## III

### *Award of Costs and Attorney Fees on Appeal*

The award of attorney fees for litigating the adequacy of the undertaking was also authorized by our earlier award of costs and attorney fees on appeal. The undertaking was directly related to the appeal. The Wanlands filed the undertaking in order to obtain a stay of enforcement of the award of attorney fees incurred in connection with the anti-SLAPP motion during the pendency of the appeal. In order to protect their award, Mastagni, Kelly and Kreeger were forced to challenge the Wanlands' inadequate sureties. These were expenses Mastagni, Kelly and Kreeger would not have incurred absent the appeal and, thus, within the scope of our award.

■ To the extent those fees could be viewed instead as expenses of enforcement, as the Wanlands argue, they were recoverable as costs on appeal. Section 685.040 provides: "The judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment. Attorney's fees incurred in enforcing a judgment are not included in costs collectible under this title *unless otherwise provided by law*. Attorney's fees incurred in enforcing a judgment are included as costs collectible under this title if the underlying judgment includes an award of attorney's fees to the judgment creditor pursuant to subparagraph (A) of paragraph (10) of subdivision (a) of Section 1033.5." (Italics added.) In *Ketchum v. Moses, supra*, 24 Cal.4th at page 1141, footnote 6, the state high court said: "Ketchum also asserts that

Code of Civil Procedure section 685.040 precludes an award of 'collection' fees. He is incorrect. The statute provides that attorney fees incurred in enforcement efforts 'are not included in costs collectible under this title unless otherwise provided by law.' Under its provision, a litigant entitled to costs for successfully enforcing a judgment is entitled to costs, but not attorney fees *unless there is some other legal basis for such an award.* Because . . . section 425.16, subdivision (c) provides a legal right to attorney fees, they are a permissible item of costs." If, as the Wanlands argue, the attorney fees incurred in litigating the adequacy of the undertaking are expenses of *enforcing* the attorney fees award, they are recoverable costs under section 685.040.

## IV

### *Amended Judgment*

The Wanlands contend the trial court was without jurisdiction to award attorney fees incurred in litigating the adequacy of the undertaking. They argue our remittitur to the trial court limited that court's discretion to an award of costs and attorney fees on appeal.

" 'The order of the appellate court as stated in the remittitur, "is decisive of the character of the judgment to which the appellant is entitled. The lower court cannot reopen the case on the facts, allow the filing of amended or supplemental pleadings, nor retry the case, and if it should do so, the judgment rendered thereon would be void." ' " (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 701 [107 Cal.Rptr.2d 149, 23 P.3d 43].)

Inasmuch as we have concluded the attorney fees incurred in litigating the undertaking *are* expenses of appeal, the Wanlands' contention is without merit. The trial court did no more than it was directed to do.

## V

### *Expenses on Appeal*

Mastagni, Kelly and Kreeger again request an award of costs and attorney fees on appeal. Having concluded Mastagni, Kelly and Kreeger are entitled under section 425.16 to the expenses incurred in litigating the undertaking, we also conclude they are entitled to the expenses incurred in connection with this appeal. The amount shall again be determined by the trial court.

## DISPOSITION

The judgment (order) awarding Mastagni, Kelly and Kreeger $37,252.50 in costs and attorney fees on the first appeal in this matter is affirmed. The matter is remanded for a determination of their attorney fees on this second appeal. Mastagni, Kelly and Kreeger are awarded costs on appeal.

Sims, Acting P. J., and Raye, J., concurred.