Filed 12/8/14  Shalant v. Mackston CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

|  |  |
|---|---|
| JOSEPH L. SHALANT et al., | B250208 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. SC116968) |
| v. |  |
| ROBERT MACKSTON et al., |  |
| Defendants and Respondents. |  |

APPEAL from orders of the Superior Court of Los Angeles County.  Allan J. Goodman, Judge.  Affirmed in part; dismissed in part.

Joseph L. Shalant and Wendy Kronick, in pro. per., for Plaintiffs and Appellants.

Doherty & Catlow and John Doherty for Defendant and Respondent Robert Mackston.

Nemecek & Cole, Jonathan B. Cole, Mark Schaeffer and Michael W. Feenberg for Defendants and Respondents Thomas J. Feeley and Thomas M. Dempsey.

\* \* \* \* \* \* \* \* \* \*

The main issue presented is whether the trial court abused its discretion in awarding statutory attorney fees to defendants and respondents Robert Mackston (Mackston), Thomas J. Feeley (Feeley) and Thomas M. Dempsey (Dempsey) pursuant to Code of Civil Procedure section 425.16, subdivision (c)[1]. We find no error or abuse of discretion in the court's fee awards and therefore affirm.

As to that portion of the appeal purporting to challenge the interlocutory sanctions order issued in July 2013, we conclude the order is not appealable and therefore dismiss that portion of the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Feeley and Dempsey represented Mackston in an underlying action brought by plaintiff and appellant Wendy Kronick (Kronick). Mackston answered and filed a cross-complaint against Kronick. Mackston named additional parties as cross-defendants, including Kronick's spouse, plaintiff and appellant Joseph L. Shalant. (We sometimes refer to Feeley, Dempsey and Mackston as "defendants" and to Shalant and Kronick as "plaintiffs.") The underlying action resolved with no party obtaining any affirmative relief.

Kronick and Shalant, representing themselves, then filed this action for malicious prosecution. The operative first amended complaint stated a cause of action for malicious prosecution of the underlying cross-complaint against Mackston, Feeley, and Dempsey, as well as a cause of action for intentional infliction of emotional distress against Mackston only.

Mackston, represented by Doherty & Catlow, and Feeley and Dempsey, represented by Nemecek & Cole, each filed special motions to strike plaintiffs' malicious prosecution cause of action pursuant to section 425.16, the anti-SLAPP statute.[2]

---

[1]    All further undesignated section references are to the Code of Civil Procedure.

[2]    SLAPP is an acronym for "strategic lawsuit against public participation." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 57.)

2

In response, plaintiffs filed an ex parte application seeking to file an opposition in excess of the 15-page limit for opposition briefs. (Cal. Rules of Court, rule 3.1113(d).) Plaintiffs sought an order permitting them to file a brief up to 100 pages but obtained leave to file a 25-page opposition. Shortly thereafter, plaintiffs filed a second application seeking to file a 62-page opposition. This second application was heard in another department as the courtroom to which the case was assigned for all purposes was dark. Plaintiffs were granted leave to file a 62-page opposition brief. Defendants opposed plaintiffs' second application and also moved to strike the 62-page opposition brief.

Plaintiffs filed their 62-page opposition, with exhibits. Defendants filed reply briefs, as well as written evidentiary objections to all of plaintiffs' proffered evidence, including their supporting declarations. Defendants' evidentiary objections were sustained by the court.

After lengthy oral argument, the court granted defendants' respective SLAPP motions. Plaintiffs filed a motion for reconsideration of the court's orders granting the SLAPP motions. Defendants opposed the motion, which was denied.

Defendants Mackston, Feeley and Dempsey then filed their respective motions for attorney fees pursuant to section 425.16, subdivision (c). Plaintiffs once again filed an ex parte application seeking to obtain an order allowing a brief in excess of the 15-page limit for opposition papers, as well as other relief. The application was titled "Ex Parte Application (1) Calendar a Hearing to Lift Automatic Discovery Stay (CCP § 425.16g)) Re: anti-SLAPP Motion for Fees; (2) Allow an Evidentiary Hearing on Fees; (3) Consider Exercising Judicial Discretion under *Le Francois v. Goel* (2005) 35 Cal.4th 1094 to Reconsider Prior SLAPP Ruling; and (4) Permit Filing of Plaintiffs' 28-page Opposition Brief."

Defendants opposed the application, arguing plaintiffs were again seeking to challenge the propriety of the court's SLAPP rulings. Plaintiffs' ex parte application was denied in its entirety, including plaintiffs' request to file an opposition longer than 15 pages. Nonetheless, plaintiffs filed a 28-page opposition brief.

Following oral argument, the trial court took the fee motions under submission, and then issued its written orders granting the fee motions "in full." The court explained that it had "carefully reviewed the documents and declarations filed by all parties and has applied to the fee requests its over 42 years of experience, including 18 [plus] years as a bench officer, some of which has been devoted to consideration of fee requests, including but not limited to fee requests of this nature." The court stated that while it did not wish to reward "a violation of a court order," it had duly considered plaintiffs' opposition papers. With respect to the amount of fees, the court stated it "considered the various hourly rates sought by the attorneys seeking these fees as well as their experience and skill and the relative complexity of the matters for which fees are being sought. The Court also notes that all services were not billed at the same rate; this is appropriate (but not always done); thus, the fee applications are lower in amount than sometimes sought." The court stated its orders were based on the "information presented," as well as "the Court's own knowledge and experience" and that an hourly rate of $500 would be reasonable under the circumstances, as well as the lesser rates actually sought by the fee motions. The court granted Mackston fees in the amount of $41,485, and Feeley and Dempsey fees in the amount of $97,487.

The court also set a hearing directing Shalant to show cause why the court should not order sanctions for violating the court's denial of his ex parte application and filing the 28-page opposition brief. Shalant submitted a response indicating he believed the court's denial of the ex parte was ambiguous and that he and plaintiff Kronick could have each filed a 15-page opposition separately but chose to file one joint opposition. In July 2013, the court ordered Shalant to pay monetary sanctions of $1,000 to the court, pursuant to section 177.5, for violation of the court's order.

Plaintiffs did not timely appeal the court's orders granting defendants' SLAPP motions. (§ 904.1, subd. (a)(13) [order granting special motion to strike is directly appealable].) Plaintiffs did file a writ in this court, which was summarily denied on July 25, 2013 (case No. B247918).

4

This appeal was timely filed from the June 28, 2013 orders granting attorney fees to defendants. Because Shalant has previously been declared a vexatious litigant (§ 391.7), he sought an order from this court permitting him to pursue this appeal. On October 11, 2013, this court granted Shalant's request.

Defendants filed motions in this court seeking to dismiss plaintiffs' appeal, in part on the grounds that it improperly seeks to challenge the orders granting the SLAPP motions. On November 25, 2013, we issued an order partially dismissing plaintiffs' appeal to the extent it seeks to encompass the orders granting the SLAPP motions from which no timely notice of appeal was filed. The scope of this appeal is limited to whether the trial court properly awarded fees, whether the amounts of the awards were reasonable and in accordance with applicable law, and the propriety of plaintiff Shalant's challenge to the monetary sanction order.

## DISCUSSION

Plaintiffs Shalant and Kronick contend the trial court's orders awarding attorney fees to defendants should be reversed on various grounds, including (1) that defendants' fraud in presenting the SLAPP motions provided equitable grounds for the trial court to deny statutory fees altogether; (2) that the court failed to apply the proper standard and awarded 100 percent of the fees sought by all defendants, instead of only those fees attributable to work on the SLAPP motions; and (3) that the amounts awarded were excessive and included fees for duplicative work, fees for noncompensable hours unrelated to the SLAPP motions, and for an hourly rate unrelated to the fees actually charged and incurred. We are not persuaded.

"We review an anti-SLAPP attorney fee award under the deferential abuse of discretion standard. [Citations.] The trial court's fee determination ' " 'will not be disturbed unless the appellate court is convinced that it is clearly wrong.' " ' [Citation.] . . . 'The judgment of the trial court is presumed correct; all intendments and presumptions are indulged to support the judgment; conflicts in the declarations must be resolved in favor of the prevailing party, and the trial court's resolution of any factual

5

disputes arising from the evidence is conclusive.' [Citation.]" (*Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1322 (*Christian Research*).)

As the prevailing parties on their respective SLAPP motions, Mackston, Feeley and Dempsey were statutorily entitled to an award of attorney fees. "[U]nder . . . section 425.16, subdivision (c), any SLAPP defendant who brings a successful motion to strike is entitled to *mandatory* attorney fees." (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131, italics added (*Ketchum*); see also § 425.16, subd. (c), italics added ["a prevailing defendant on a special motion to strike *shall* be entitled to recover his or her attorney's fees and costs"].) The purpose of the statute's mandatory fee language is to discourage SLAPP suits by imposing the litigation costs on the party bringing the SLAPP action. (*Ketchum,* at p. 1131.)

Plaintiffs nonetheless contend fees should be denied *in their entirety*, on the grounds that defendants engaged in "deception" and "artifice" in the presentation of their SLAPP motions which led the court to erroneously grant the motions. As already stated above, plaintiffs did *not* timely appeal the trial court's orders granting the SLAPP motions. As such, those orders are final and plaintiffs cannot ask this court to assess the alleged invalidity of the orders as a basis for reversing the trial court's subsequent orders awarding attorney fees to defendants as prevailing parties.

The cases on which plaintiffs primarily rely for their argument (*Christian Research*, *Ketchum*, and *Moore v. Kaufman* (2010) 189 Cal.App.4th 604, 617 (*Moore*)) do not hold otherwise. Rather, they discuss generally the trial court's broad discretion to reduce or deny a statutory fee award where the trial court determines that the attorney's submissions *in support of the fee request* (not the SLAPP motion) lack credibility, or otherwise raise concerns the fees requested are unreasonable or noncompensable. "To the extent a trial court is concerned that a particular award is excessive, it has broad discretion to adjust the fee downward or deny an unreasonable fee altogether." (*Ketchum*, *supra*, 24 Cal.4th at p. 1138; accord, *Christian Research*, *supra*, 165

6

Cal.App.4th at pp. 1321-1322, 1325-1326.)[3] Nothing in the trial court's order indicates it found the respective fee requests unreasonable or lacking in credibility. The court's assessment of the credibility of the attorney's submissions is entitled to deference.

Plaintiffs also challenge the *amount* of fees awarded, arguing (1) the court improperly awarded 100 percent of the fees sought by all defendants, instead of allowing only those fees directly attributable to work on the SLAPP motions; and (2) that the amounts awarded were excessive and included fees for duplicative work, fees for noncompensable hours, and for an hourly rate unrelated to the fees actually charged and incurred.

There is nothing in the statute or the case law that disallows the granting of the full amount of a prevailing defendant's requested fees. While the trial court, in exercising its discretion, must carefully review the submissions supporting a fee request, " '*absent circumstances rendering the award unjust*, an attorney fee award should ordinarily include compensation for *all* the hours *reasonably spent*, including those relating solely to the fee.' [Citation.]" (*Christian Research*, *supra*, 165 Cal.App.4th at p. 1321.) To that end, "[t]he statute is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extricating [himself or] herself from a baseless lawsuit." (*Wilkerson v. Sullivan* (2002) 99 Cal.App.4th 443, 446 (*Wilkerson*); accord, *Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi* (2006) 141 Cal.App.4th 15, 22 (*Wanland*).)

Nonetheless, generally "the fee 'provision applies only to the motion to strike, and not to the entire action.' [Citation.]" (*S.B. Beach Properties v. Berti* (2006) 39 Cal.4th 374, 381.) But, where a SLAPP motion addresses and resolves all of the claims stated against a moving defendant, then the award of all fees incurred in defense of the action may be appropriate. (See *Vargas v. City of Salinas* (2011) 200 Cal.App.4th 1331, 1351

---

**3** *Moore* is wholly inapposite. It discusses a reviewing court's discretion to not apply the law of the case doctrine where it would result in a manifest miscarriage of justice. (*Moore*, *supra*, 189 Cal.App.4th at p. 617.) The doctrine of law of the case is not at issue here.

(*Vargas*) [rejecting argument that prevailing defendant was only entitled to fees directly related to the SLAPP motion because successful motion resulted in dismissal of entire SLAPP complaint, not just certain causes of action].)

Here, the only claim stated against defendants Feeley and Dempsey was the malicious prosecution claim that was the subject of their successful SLAPP motion. Plaintiffs have not affirmatively shown any legal or factual basis for a narrow construction of section 425.16, subdivision (c) that would deprive Feeley and Dempsey of all reasonable fees incurred to extricate themselves from a baseless malicious prosecution claim. (*Vargas*, *supra*, 200 Cal.App.4th at p. 1351; *Wilkerson*, *supra*, 99 Cal.App.4th at p. 446.)

As for defendant Mackston, his successful SLAPP motion did not resolve all of the claims stated against him. The intentional infliction of emotional distress cause of action was not addressed by the motion. However, plaintiffs have failed to demonstrate the court abused its discretion in awarding fees to Mackston.

Plaintiffs repeatedly state that many of the billing entries by defendants' respective attorneys do not even reference the SLAPP motions. However, an explicit reference to the SLAPP motion or use of the term "SLAPP" in an attorney's time record is not the sine qua non of whether the billing entry represents work reasonably and properly reimbursed under section 425.16, subdivision (c).

Plaintiffs challenge the attorney billing entries, dating from before the filing of the SLAPP motions, concerning the review of materials and discussions with clients regarding the underlying action. In order to prepare a SLAPP motion that seeks to dispose of a malicious prosecution claim, it is not only reasonable, but imperative, to analyze and understand the underlying action on which the malicious prosecution claim is predicated. Plaintiffs do not present any argument to support their claim the trial court's award of these fees was improper.

Further, plaintiffs are not in a good position to complain about the amount of fees awarded, when their own litigation strategy, including the repeated filing of oversize briefs and several postmotion efforts to obtain reconsideration of the court's SLAPP

8

rulings, contributed to the amount of defensive work incurred by all defendants. (See, e.g., *Wanland*, *supra*, 141 Cal.App.4th at pp. 21-22 [fees properly awarded to prevailing defendant for postjudgment proceedings regarding the plaintiff's inadequate undertaking posted to stay enforcement of the fee award].)

We also disagree with plaintiffs' contention the court's acceptance of hourly rates ranging from between $150 to $450, depending on whether the work was performed by a paralegal, an associate or a partner, was unreasonable.

"The amount of an attorney fee award under the anti-SLAPP statute is computed by the trial court in accordance with the familiar 'lodestar' method. [Citation.] Under that method, the court 'tabulates the attorney fee touchstone, or lodestar, by multiplying the number of hours reasonably expended by the reasonable hourly rate prevailing in the community for similar work. [Citations.]' " (*Cabral v. Martins* (2009) 177 Cal.App.4th 471, 491, citation and fn. omitted.) " 'The reasonable market value of the attorney's services is the measure of a reasonable hourly rate. [Citations.] This standard applies regardless of whether the attorneys claiming fees charge nothing for their services, charge at below-market or discounted rates, represent the client on a straight contingent fee basis, or are in-house counsel. [Citations.]' [Citation.]" (*Chacon v. Litke* (2010) 181 Cal.App.4th 1234, 1260; accord, *Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 701, and *Nemecek & Cole v. Horn* (2012) 208 Cal.App.4th 641, 651-652.) The reasonable market rate is that amount " ' "to which attorneys of like skill in the area would typically be entitled." ' [Citations.]" (*Ketchum*, *supra*, 24 Cal.4th at p. 1133.)

In its ruling, the trial court stated that based on its experience, the nature of the case and the litigation effort involved, as well as the attorney submissions, a reasonable hourly rate would be $500, and that the lower hourly rates sought by the defendants were manifestly reasonable. It is well established that trial judges are vested with broad discretion in awarding fees "because they are in the best position to assess the value of the professional services rendered in their courts." (*Christian Research*, *supra*,

165 Cal.App.4th at p. 1321.) Plaintiffs have failed to affirmatively demonstrate an abuse of discretion by the trial court finding the hourly rates were reasonable.

Finally, plaintiff Shalant also seeks to challenge the trial court's order imposing monetary sanctions against him, payable to the court, pursuant to section 177.5. The court initially imposed sanctions of $1,500 against Shalant for violating the court's order denying him leave to file an oversize brief. But, in a written order dated July 22, 2013, the court reduced the amount to $1,000 payable to the clerk of the court. The sanctions order, issued before entry of final judgment in the action, is interlocutory and not properly appealed at this time by way of direct appeal. "Sanction orders or judgments of five thousand dollars ($5,000) or less against a party or an attorney for a party may be reviewed on an appeal by that party after entry of final judgment in the main action, or, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ." (§ 904.1, subd. (b).)

Shalant asks this court to resolve the merits now by treating his appeal of the sanctions order as a writ. (*Olson v. Cory* (1983) 35 Cal.3d 390, 400-401.) Shalant has not demonstrated the propriety of treating only a portion of his appeal as a writ or any circumstances warranting such action given the procedural posture of the case. We therefore dismiss that portion of the appeal purporting to appeal from the interlocutory sanctions order.

### DISPOSITION

The trial court's June 28, 2013 orders granting defendants and respondents' respective motions for attorney fees pursuant to section 425.16, subdivision (c) are affirmed. Plaintiff and appellant Joseph L. Shalant's appeal of the July 2013 sanctions order is dismissed. Defendants and respondents Robert Mackston, Thomas J. Feeley and Thomas M. Dempsey shall recover their respective costs on appeal.

GRIMES, J.

We concur:

RUBIN, Acting P. J.                    FLIER, J.

10