Filed 9/29/20  Koerber v. Veritas CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| KIMBERLY KOERBER, | B291770 |
| Plaintiff and Appellant, | Los Angeles County |
| v. | Super. Ct. No. BC649878 |
| PROJECT VERITAS, | |
| Defendant and Respondent. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Elizabeth R. Feffer, Judge. Affirmed.

Gary Rand & Suzanne E. Rand-Lewis, Suzanne E. Rand-Lewis and Timothy D. Rand-Lewis for Plaintiff and Appellant.

Litchfield Cavo, G. David Rubin and Elizabeth M. Sanguinetti for Defendant and Respondent.

## INTRODUCTION

This is the third appeal in plaintiff Kimberly Koerber's lawsuit against defendant Project Veritas. (See *Koerber v. Project Veritas* (Sept. 26, 2019, B287742 [nonpub.]) (*Koerber I*); *Koerber v. Project Veritas* (Jan. 7, 2020, B285592) [nonpub.] (*Koerber II*).) In *Koerber I*, we affirmed the trial court's order granting Project Veritas's special motion to strike all causes of action against it in the operative first amended complaint under Code of Civil Procedure[1] section 425.16 (anti-SLAPP statute). In *Koerber II*, we dismissed as moot Koerber's appeal from the court's orders granting motions to quash service of summons and the original complaint on Project Veritas and other defendants.

In this appeal, Koerber challenges the court's postjudgment order awarding Project Veritas $63,970 in attorney fees related to the anti-SLAPP motion and denying Koerber's motion to tax $1,680.13 in costs requested by Project Veritas. We affirm.

## BACKGROUND[2]

Koerber worked for Cengage Learning, Inc. and Cengage Learning Holdings II, Inc. (collectively, Cengage), selling "National Geographic materials." Cengage fired Koerber in January 2016 after Project Veritas published footage of a secretly recorded interview in which Koerber made disparaging remarks about opponents of the Common Core curriculum, Republicans, Texas school administrators, and the Second Amendment.

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

[2] A more detailed summary of the factual and procedural background of this case is included in *Koerber I* and *Koerber II*.

In February 2017, Koerber sued Project Veritas, Cengage, and other defendants for numerous claims arising out of Project Veritas's secret recording, editing, and publishing of Koerber's interview and Koerber's subsequent employment termination. The operative first amended complaint asserted 23 claims, including 11 causes of action against Project Veritas for, among other things, invasion of Koerber's privacy.

In October 2017, Project Veritas filed a demurrer and an anti-SLAPP motion attacking the first amended complaint.[3] In its anti-SLAPP motion, Project Veritas argued Koerber's claims arose out of the organization's protected free-speech activity, that Koerber's claims were time-barred, and that Koerber could not demonstrate a probability of success on any of her claims.

In late November 2017, Koerber opposed Project Veritas's motion. Project Veritas filed a reply as well as 100 objections to Koerber's declaration filed in support of her opposition.

The court heard arguments on Project Veritas's anti-SLAPP motion in December 2017 and took the matter under submission. In mid-January 2018, the court issued a written ruling on the motion. Before reaching the merits, the court sustained more than 60 of Project Veritas's objections to Koerber's declaration. The court then granted the motion, finding Project Veritas's challenged conduct was protected journalistic and reporting activity under the anti-SLAPP statute and that, in any event, Koerber failed to show a probability of prevailing on

---

[3] The record on appeal does not include copies of the demurrer, the anti-SLAPP motion, or any of the related filings, such as Koerber's opposition to the anti-SLAPP motion, Project Veritas's objections, and Project Veritas's reply. Koerber has not requested that we take judicial notice of any of the records from her prior appeals.

any of her claims. Koerber appealed from the court's order granting the anti-SLAPP motion, which we affirmed in *Koerber I*.

In late January 2018, Project Veritas filed a memorandum of costs. The organization asked the court to award it $1,680.13 in costs, consisting of $595 for filing and motion fees related to the anti-SLAPP motion and the demurrer, $830 for court reporter fees for two hearings in December 2017, and $255.13 for attorney service charges. Koerber filed a motion to tax costs. She argued the court should tax the portion of the requested filing and motion fees pertaining to Project Veritas's demurrer. She also argued the court should tax all the requested court reporter fees and attorney services charges, claiming recovery of those expenses was not authorized by statute.

In March 2018, Project Veritas filed a motion for attorney fees and costs under section 425.16. It sought $109,545 in fees for the work of three attorneys at Litchfield Cavo, LLP (Litchfield Cavo), the firm representing the organization in this lawsuit. The $109,545 total was based on the following figures: (1) 269.30 hours spent litigating the anti-SLAPP motion and drafting and researching the demurrer, with 66.9 of the hours billed at $250 per hour and 202.4 of the hours billed at $200 per hour, for a total of $57,205; and (2) 73.5 hours in billed and anticipated time spent litigating the fees motion, with 22.5 of the hours to be billed at $250 per hour and 51 of the hours to be billed at $200 per hour, for a total of $15,825. Project Veritas asked the court to apply a multiplier of 1.5 to the $73,030 in billed and anticipated fees, for a total of $109,545.

In support of its motion, Project Veritas submitted, among other things: (1) declarations executed by two of Project Veritas's attorneys detailing the hours spent on the demurrer, the anti-

4

SLAPP motion, and the fees motion, as well as additional time the attorneys anticipated litigating the fees motion; (2) billing statements documenting the hours spent on those matters; and (3) a declaration from Koerber's counsel in which she testified that her billing rate of $450 per hour, which was $200 higher than the highest billing rate charged by Project Veritas's counsel, was " 'substantially less than other attorneys with comparable experience.' " In one of the supporting declarations, a Project Veritas attorney explained that he had redacted several entries in the attached billing statements because they referred to: (1) irrelevant matters that were not included in the amount of the fees request; or (2) privileged attorney-client communications. As for the irrelevant material, counsel completely redacted it from the billing statements and, as for the privileged material, counsel redacted only the portions of the entries containing protected attorney-client information. Koerber opposed the fees motion.

In April 2018, the court ordered Project Veritas to "review and revise the memorandum of costs and attorney fees motion by category with more specificity," including separating "out the fees incurred solely in connection with the demurrer." In response, Project Veritas filed a supplemental brief and additional declarations and exhibits further detailing its fees request. The organization provided the following breakdown of hours spent on the various matters addressed in its fees motion: (1) 146.2 hours spent on strictly anti-SLAPP related matters; (2) 9.1 hours spent on matters related to both the anti-SLAPP motion and the demurrer; (3) 54.4 hours spent on the demurrer only; (4) 51.4 hours spent on ex parte requests related to the anti-SLAPP motion; (5) 87.8 hours spent, or anticipated to be spent, on the fees motion (with 14 of the hours constituting time spent on the

5

supplemental brief); and (6) 5.3 hours related to miscellaneous fees concerning the anti-SLAPP motion. Koerber filed a supplemental opposition.

In July 2018, the court denied Koerber's motion to tax costs and awarded Project Veritas $1,680.13 in costs. The court also granted Project Veritas's fees motion and awarded the organization $63,970 in fees, accounting for all the time spent litigating the anti-SLAPP and fees motions, without any multiplier to increase the award, but excluding the time spent researching and drafting the demurrer. The court found the amount of hours spent litigating the anti-SLAPP and fees motions and the hourly rates charged by Project Veritas were reasonable, noting the complexity, difficulty, and time-consuming nature of the issues related to the anti-SLAPP motion.

Koerber timely appealed.

## DISCUSSION

### 1. The Attorney Fees Award

Koerber challenges the court's order awarding Project Veritas attorney fees on numerous grounds. As we explain, Koerber's arguments lack merit.

#### 1.1. Applicable Law and Standard of Review

A defendant who prevails on an anti-SLAPP motion is entitled to an award of attorney fees and costs "incurred in connection with" the anti-SLAPP motion. (*569 E. County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426, 432; see also § 425.16, subd. (c)(1).) Thus, a prevailing defendant may recover all fees incurred in litigating the anti-SLAPP motion, plus fees incurred in responding to an appeal from an order granting an anti-SLAPP motion or in

6

litigating the fee award itself. (*Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi* (2006) 141 Cal.App.4th 15, 21 (*Wanland*).) The fee award should not, however, compensate the defendant for fees unrelated to the anti-SLAPP motion, such as " 'attacking service of process, preparing and revising an answer to the complaint, [or] summary judgment research.' [Citation.]" (*Backcountry*, at p. 433.) "In short, the award of fees is designed to ' "reimburs[e] the prevailing defendant for expenses incurred *in extracting* herself from a baseless lawsuit" ' [citation] rather than to reimburse the defendant for all expenses incurred *in* the baseless lawsuit." (*Ibid.*)

In determining the amount of the fees to award, the court should utilize the "lodestar adjustment method." (*Nichols v. City of Taft* (2007) 155 Cal.App.4th 1233, 1239–1240 (*Nichols*).) To calculate the "lodestar" figure, the court must determine the amount of hours reasonably spent on the anti-SLAPP-related matters and multiply that number by the prevailing hourly rate for other private attorneys in the same community performing similar, noncontingent litigation. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1133.)

Because the trial court is most familiar with the litigation and in the best position to determine the value of the legal services rendered in the case, we will not disturb the court's decision to award attorney fees unless we are convinced that decision is clearly wrong—i.e., an abuse of discretion. (*Nichols, supra,* 155 Cal.App.4th at p. 1239.) "The appellant challenging the award 'bear[s] the burden of affirmatively establishing that the trial court abused its discretion.' [Citation.] As with most trial court orders, we ' "presume the trial court's attorney fees award

7

is correct." ' [Citation.]" (*In re Marriage of Minkin* (2017) 11 Cal.App.5th 939, 954 (*Minkin*).)

### 1.2. Koerber has not shown the court abused its discretion in awarding Project Veritas attorney fees.

Koerber first contends the court should have denied Project Veritas's attorney fees motion because it was not supported by competent evidence. According to Koerber, Project Veritas failed "to provide a competent breakdown of the time actually spent on the anti-SLAPP motion, improperly combined matters unrelated to the anti-SLAPP motion, and sought duplicative time, all totaling over 269 hours 'in connection' with its anti-SLAPP motion." This argument is conclusory and undeveloped.

In claiming Project Veritas's fees motion was not supported by the evidence, Koerber makes only a broad assertion that the evidence was incompetent, without any detailed analysis or citations to relevant authority. As we discussed above, Project Veritas submitted numerous pieces of evidence to support its fees motion, including declarations from the attorneys who worked on the anti-SLAPP and fees motions explaining the work they performed on those matters, billing records pertaining to work related to those matters, and spreadsheets explaining how that work was distributed among the anti-SLAPP and fees motions and other matters. To show the court abused its discretion in awarding Project Veritas fees, Koerber needed to do more than make a bare assertion that the supporting evidence was incompetent. Instead, she was required to demonstrate through reasoned argument and citations to relevant authority why the evidence was incompetent such that the court's calculation of the fees award was so arbitrary that it shocks the conscience or lacks

evidentiary support. (See *Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 799 (*Dietz*) [if an appellant fails to support a claim with reasoned argument and citations to authority we may treat that claim as waived].)

For the same reason, Koerber's claim that Project Veritas unreasonably inflated its request for fees is not well-taken. Koerber insists the fees request was "clearly unreasonably inflated" because Project Veritas's counsel claimed to have a high degree of skill, expertise, and experience in preparing dispositive motions but still spent more than 200 hours on matters related to the anti-SLAPP and fees motions. But Koerber fails to explain why, taking into account the level of experience and skill of the attorneys who worked on the motions, the fees request was unreasonably inflated. For instance, Koerber doesn't address any of the issues raised in the anti-SLAPP and fees proceedings to explain why Project Veritas's attorneys should have spent less time working on those matters in light of their experience and expertise. It is not sufficient for Koerber to simply assert that the fees request was inflated without supporting that claim with reasoned argument and citations to relevant authority. (*Dietz, supra,* 177 Cal.App.4th at p. 799.)

Koerber next contends the court was required to deny the fees motion because Project Veritas improperly sought to recover fees for time spent on matters unrelated to the anti-SLAPP and fees motions, such as time spent researching, drafting, and filing the demurrer and opposing the motion to tax costs. She also claims the motion should have been denied outright because Project Veritas redacted information from some of the billing records submitted in support of the organization's request for fees. Koerber does not, however, cite to any authority to support

9

her claim that the court was required to deny the fees motion simply because Project Veritas sought to recover fees associated with matters that may not be related to the anti-SLAPP and fees motions or because the organization redacted information from some of its billing statements.[4]

In any event, the court has broad discretion to reduce the amount of requested fees under section 425.16, subdivision (c), rather than to deny a request outright, to reflect the amount of time the court determines was reasonably spent litigating matters related to the anti-SLAPP and fees motions. (*Jackson v. Yarbray* (2009) 179 Cal.App.4th 75, 92 ["In awarding fees the trial court is not constrained by the amount sought by the successful moving parties"].) That is exactly what the court did here. In calculating Project Veritas's attorney fees award, the court excluded any fees for matters related to the demurrer.

To the extent Koerber claims the court also should have reduced the award for time spent on the motion to tax costs, she fails to explain why that motion was "unrelated" to the anti-SLAPP proceedings. Indeed, in a case like this where a defendant obtains dismissal of *all* the plaintiff's claims against it through a successful anti-SLAPP motion, "fees incurred postjudgment [are] incurred in connection with the [anti-SLAPP] motion." (*Vargas v. City of Salinas* (2011) 200 Cal.App.4th 1331, 1351.) Koerber,

---

[4] Koerber cites to *Serrano v. Unruh* (1982) 32 Cal.3d 621 to argue the court was *required* to deny Project Veritas's attorney fees motion in its entirety because the organization sought to recover fees that Koerber claims were unrelated to the anti-SLAPP and attorney fees motions. But the portion of *Serrano* that Koerber cites states only that a court is *permitted*, *not required*, to deny a fees request that is unreasonably inflated. (*Id.* at p. 635.)

therefore, has not shown the court erred in awarding Project Veritas fees incurred in connection with opposing the motion to tax costs.

Koerber's argument that the court improperly awarded fees associated with redacted information in Project Veritas's billing statements is also meritless. As noted above, one of the attorneys representing Project Veritas testified in his declaration that he completely redacted from the billing statements any matters that were not related to the anti-SLAPP motion, the demurrer, or the fees motion, and that those matters were not included in the amount of fees Project Veritas sought to recover. Koerber points to no evidence to suggest irrelevant redacted material was included in the court's calculation of the fees award. (*Minkin*, *supra*, 11 Cal.App.5th at p. 954 [an appellant challenging a fees award must affirmatively show the court abused its discretion in calculating the award].)

As for the privileged material that was partially redacted from the billing statements, Koerber fails to identify any specific item the court should have excluded from the fees award. Instead, she merely cites to a range of 31 pages in the record that spans *all* the billing statements Project Veritas submitted in support of its fees motion, some of which include redactions and many of which do not. As the appellant, it was Koerber's job to parse through each item in Project Veritas's billing statements, explain why any particular item should not have been included in Project Veritas's attorney fees award, and provide a specific and accurate citation to each page of the record that supports her argument. That is not our job to perform in the first instance. (See Cal. Rules of Court, rule 8.204(1)(1)(C); *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239 ["the purpose of the

11

[California Rules of Court's] citation requirement … is to enable appellate justices and staff attorneys to locate relevant portions of the record expeditiously without thumbing through and rereading earlier portions of a brief"]; *Bernard v. Hartford Fire Ins. Co.* (1991) 226 Cal.App.3d 1203, 1205 [disapproving of the appellant's use of a "block page reference" to support factual assertions].) Koerber, therefore, has not met her burden to show the court erred in awarding Project Veritas fees associated with the partially redacted material in its billing statements. (*Minkin*, *supra*, 11 Cal.App.5th at p. 954.)

Koerber also insists the court should have denied the fees motion because Project Veritas "blatantly violated" the court's order asking the organization to submit a supplemental brief separating out the attorney fees incurred solely in connection with the demurrer. In Koerber's view, Project Veritas violated the court's order by increasing its fees request to include the amount of time counsel for the organization spent preparing the supplemental brief. This argument is not persuasive. Although the court's order didn't expressly state that Project Veritas could increase its fees request for time spent preparing the supplemental brief, nothing in the order prohibited the organization from doing so. In any event, the court didn't abuse its discretion in awarding Project Veritas fees associated with the preparation of the supplemental brief because that work was related to the litigation of the fees motion and is therefore recoverable under section 425.16, subdivision (c). (See *Wanland*, *supra*, 141 Cal.App.4th at p. 21 [a prevailing defendant may recover all fees incurred in litigating the fee award itself].)

Koerber contends the court should have denied the fees motion because Project Veritas's counsel submitted a perjured

declaration. Specifically, Koerber points to one sentence in a declaration executed by one of Project Veritas's attorneys in support of the organization's supplemental brief, in which the attorney states: "Communications between [Project Veritas's] counsel and [Koerber's] counsel [on September 20 and October 8, 2017] are indisputably and likewise related to the anti-SLAPP motion." In the billing statements submitted in support of the supplemental brief, the attorney billed .10 hours at a rate of $250 per hour (or $25) to "[r]eview and respond to [Koerber's counsel's] email re communications received" on September 20, 2017. And for the October 8, 2017 communication, the attorney billed .20 hours at $250 per hour (or $50) for "[r]eceipt and review of multiple emails from Koerber's counsel re settlement, demands made, etc." According to Koerber, the September 20 and October 8, 2017 communications were not in fact related to the anti-SLAPP motion. Instead, Koerber claims, the September 20, 2017 billing entry concerns the attorney's response to a cease and desist email that Koerber's attorney sent in response to a video of Koerber that Project Veritas published after she filed the underlying lawsuit. Koerber claims the October 8, 2017 billing entry concerns only the attorney's response to settlement discussions initiated by Koerber's attorney on October 7, 2017.

Koerber doesn't argue the court should have excluded from its fees calculation the $75 attributable to what she claims are false statements in the declaration submitted by Project Veritas's attorney. Instead, she insists that because the attorney made false statements in his declaration, all the evidence Project Veritas submitted in support of its fees motion was "completely suspect," and, for that reason, the court should have denied the motion in its entirety. We disagree.

13

It is well-settled that the trial court is in the best position to judge the credibility of witnesses and reviewing courts generally won't disturb credibility determinations on appeal. (*Estate of Young* (2008) 160 Cal.App.4th 62, 76 ["We may not reweigh the evidence and are bound by the trial court's credibility determinations"].) Here, the court was familiar with the parties, their counsel, and all the proceedings leading up to and including the attorney fees motion. In granting that motion, the court explained that its fees calculation was based on the complexity, difficulty, and time-consuming nature of the issues involved in the anti-SLAPP proceedings. The court was therefore in the best position to evaluate whether Project Veritas submitted credible evidence in support of its fees motion. Accordingly, even if we were to assume Koerber is correct that Project Veritas's attorney made a false statement about the nature of two billing entries in his supporting declaration, the court acted well within its discretion to find that, on the whole, Project Veritas's supporting evidence was credible. We will not disturb that determination on appeal. (*Lenk v. Total-Western, Inc.* (2001) 89 Cal.App.4th 959, 968 ["we defer to the trier of fact on issues of credibility"].)

In sum, Koerber has not shown the court abused its discretion in awarding Project Veritas $63,970 in attorney fees.

## 2.    The Costs Award

Koerber also challenges the court's denial of her motion to tax costs. She contends the court erred when it did not tax costs associated with the demurrer, court reporter fees, and attorney services charges. Once again, we disagree.

14

### 2.1. Applicable Law and Standard of Review

Under section 1032, "a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (§ 1032, subd. (b).) Section 1033.5 identifies which costs are allowable (§ 1033.5, subd.(a)) and which costs are prohibited unless otherwise authorized by law (§ 1033.5, subd. (b)). "An item not specifically allowable under subdivision (a) nor prohibited under subdivision (b) may nevertheless be recoverable in the discretion of the court if 'reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation.' (§ 1033.5, subd. (c)(2).)" (*Ladas v. California State Auto. Assn.* (1993) 19 Cal.App.4th 761, 773–774 (*Ladas*).)

When items listed in a memorandum of costs are expressly allowed by statute and appear proper on their face, " 'the burden is on the objecting party to show [the costs] to be unnecessary or unreasonable.' [Citation.]" (*Foothill-De Anza Community College Dist. v. Emerich* (2007) 158 Cal.App.4th 11, 29 (*Foothill*).) But when costs are not expressly authorized by statute, the burden is on the party seeking to recover the costs to show they were reasonable and necessary to the litigation. (*Ibid.*) "Whether a cost item was reasonably necessary to the litigation presents a question of fact for the trial court and its decision is reviewed for abuse of discretion." (*Ladas, supra*, 19 Cal.App.4th at p. 774.)

### 2.2. Filing and Motion Fees

Koerber argues the court erred in awarding Project Veritas $160 in filing and motion fees associated with: (1) the demurrer filed in October 2017; (2) an ex parte application filed in November 2017; and (3) two documents concerning the rescheduling of the hearing on the demurrer, one filed in

15

November 2017 and the other filed in January 2018. Under section 1033.5, subd. (a)(1), a prevailing party is entitled to recover costs for "[f]iling, motion, and jury fees."

Koerber does not dispute that the challenged costs fell within the scope of section 1033.5, subdivision (a)(1). Accordingly, those costs were presumptively recoverable under that statute. (See *Foothill, supra,* 158 Cal.App.4th at p. 29.) Koerber nevertheless argues the costs should have been excluded as unreasonable and unnecessary because Project Veritas had no reason to file a demurrer, or any other documents related to the demurrer, once it filed the anti-SLAPP motion. But Koerber has not included copies of the demurrer, the ex parte application, or the rescheduling documents in the record for this appeal, and she has not asked us to take judicial notice of any of the records from her prior appeals. Consequently, we are unable to review any of the documents giving rise to the challenged costs to determine whether it was reasonably necessary to file them. Koerber, therefore, has not met her burden on appeal to show the court abused its discretion in awarding Project Veritas costs associated with the filing of the demurrer, the ex parte application, and the two documents concerning the rescheduling of the hearing on the demurrer. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296 (*Maria P.*) ["[i]t is the burden of the party challenging the fee award on appeal to provide an adequate record to assess error," and any failure to furnish an adequate record requires the claim to be resolved against the challenging party].)

### 2.3.   Reporter Fees

Koerber also contends the court erred when it awarded Project Veritas $830 in court reporter fees. A prevailing party is entitled to recover costs for the services of an official court

16

reporter. (§ 1033.5, subd. (a)(11) [court reporter fees recoverable as costs as established by statute]; Gov. Code, § 68086 subd. (c) ["[t]he costs for the services of the official court reporter shall be recoverable as taxable costs by the prevailing party as otherwise provided by law"].) Koerber argues court reporter fees were not recoverable in this case because "no 'official' reporter [was] present." We reject this argument for a couple of reasons.

First, Koerber did not preserve this argument for appeal. Although she moved to tax Project Veritas's request for court reporter fees, she only challenged that request in the trial court on the following grounds: (1) the costs are precluded by section 1033.5, subdivisions (b)(3) and (b)(5);[5] (2) the costs were duplicative; and (3) the costs were not reasonably necessary to the litigation. Koerber never challenged Project Veritas's request because no official reporter was present. She has therefore forfeited that argument on appeal. (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564 (*Premier Medical*) [" ' " 'issues raised for the first time on appeal which were not litigated in the trial court are waived' " ' "].)

Second, even assuming Koerber preserved this argument below, she has not substantiated it on appeal. Although Koerber

---

[5] Section 1033.5, subdivision (b)(3) is not applicable to Project Veritas's request to recover reporter fees since that subdivision precludes only the recovery of "[p]ostage, telephone, and photocopying charges, except for exhibits." Likewise, section 1033.5, subdivision (b)(5) is not applicable in this case because Project Veritas never sought to recover the costs for obtaining transcripts not ordered by the court. (See § 1033.5, subd. (b)(5) [precluding recovery of costs for "[t]ranscripts of court proceedings not ordered by the court"].)

17

claims "no 'official' reporter" was present at the hearings for which Project Veritas sought to recover reporter fees, she fails to cite to any part of the record supporting that claim. (*Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979 [" 'This court is not required to discuss or consider points which are not argued or which are not supported by citation to authorities or the record.' "].) Koerber also has not provided an adequate record to review her claim. In its memorandum of costs, Project Veritas sought to recover a combined $830 in court reporter's fees for two hearings: one on December 6, 2017 and the other on December 14, 2017. Koerber, however, has not included as part of the record for this appeal copies of the transcripts or the court's minute orders from either of those hearings. Thus, nothing in the record supports Koerber's claim that no official reporter was present at the hearings for which Project Veritas sought to recover court reporter fees. (See *Maria P.*, *supra*, 43 Cal.3d at pp. 1295–1296.)

In her reply brief, Koerber argues for the first time on appeal that the court erred in awarding court reporter fees under "Government Code §68086(a)(4)" because there is no subdivision (a)(4) in that statute.[6] This argument is not properly before us because it was not raised in Koerber's opening brief. (*REO Broadcasting Consultants v. Martin* (1999) 69 Cal.App.4th 489, 500 ["This court will not consider points raised for the first time in a reply brief for the obvious reason that opposing counsel has not been given the opportunity to address those points"].) In any

---

[6] Although Koerber points out in her opening brief that Project Veritas argued reporter fees were recoverable under subdivision "Gov. Code §68086(a)(4)," she did not argue it was error for the court to award fees under that nonexistent subdivision.

18

event, the record doesn't support this argument. Koerber cites only to Project Veritas's opposition to the motion to tax costs, in which the organization appears to have made a typographical error arguing that reporter fees were authorized under "Gov. Code §68086(a)(4)." But nothing in the record suggests the court awarded Project Veritas reporter fees under the wrong statute. Regardless, as noted above, Government Code section 68086, subdivision (c), expressly authorizes the prevailing party in an action to recover the costs of an official court reporter.

For the foregoing reasons, Koerber has failed to show the court abused its discretion in awarding Project Veritas $830 in court reporter fees.

### 2.4. Attorney Service Charges

Finally, Koerber argues the court erred in awarding Project Veritas the costs for attorney service charges for court filings and deliveries because the organization did not present sworn declarations justifying such costs and, to the extent any of those costs are attributable to "postage charges," they are expressly prohibited by section 1033.5, subdivision (b)(3). This argument also lacks merit.

In the trial court, Koerber argued only that attorney service charges are, as a category, not recoverable as costs under section 1033.5, an argument the court correctly rejected. (*Foothill*, *supra*, 158 Cal.App.4th at p. 30 [a court has discretion to award courier or messenger fees if they are " 'reasonably necessary to the litigation' "].) She never argued the costs were not recoverable because Project Veritas did not file a separate declaration justifying the need for the attorney service charges. Consequently, Koerber has forfeited this argument on appeal. (*Premier Medical*, *supra*, 163 Cal.App.4th at p. 564.) To the

19

extent Koerber argues the court should have denied Project Veritas's request to recover attorney service charges because they were incurred in lieu of "postage charges" (see § 1033.5, subd. (b)(3)), nothing in the record supports that argument. Accordingly, Koerber has not shown the court erred in awarding Project Veritas costs for attorney service charges.

## DISPOSITION

The postjudgment order is affirmed. Project Veritas shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

DHANIDINA, J.

20