Filed 9/19/13

*CERTIFIED FOR PUBLICATION*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LAS VEGAS LAND AND DEVELOPMENT COMPANY, LLC et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> WILKIE WAY, LLC, <br><br> Defendant and Respondent. | B238921 <br><br> (Los Angeles County Super. Ct. No. BC397377) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mary Ann Murphy, Judge.  Affirmed.

Law Office of Matthew R. Rungaitis and Matthew R. Rungaitis for Plaintiff and Appellant.

Freeman, Freeman & Smiley, Curtis A. Graham and Dawn B. Eyerly for Defendant and Respondent.

This appeal challenges an order denying a motion to set aside a summary judgment based on the mandatory provision of Code of Civil Procedure**1** section 473, subdivision (b).**2** We conclude that this provision does not apply to summary judgments, and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 15, 2007, appellant Las Vegas Land and Development Co., LLC (Las Vegas Land) and respondent Wilkie Way, LLC (Wilkie) entered into an agreement for the sale of real property in Hawthorne, California, for $12,100,000 (Agreement). The property was leased to Levitz Furniture, LLC pursuant to a 15-year lease entered into in 2003. While the property sale was in escrow, Wilkie's counsel sent a letter to Las Vegas Land stating that, based on unjustified delays in closing escrow, Wilkie intended to cancel the Agreement and retain Las Vegas Land's deposit as liquidated damages unless Las Vegas Land executed the sale documents by October 25, 2007. It did so and the sale closed on October 26, 2007.

On November 8, 2007, Levitz Furniture filed for bankruptcy. On August 29, 2008, Las Vegas Land filed a complaint for breach of contract and fraud based on Wilkie's failure to disclose that Levitz Furniture was going to file for bankruptcy. Wilkie demurred on the grounds that the Agreement contained an express waiver of all

---

**1** Unless otherwise stated, all statutory references are to the Code of Civil Procedure.

**2** Although appellant characterizes its appeal as a challenge to the court's decision to deny its request to file an opposition to the motion for summary judgment, appellant is, in essence, challenging the court's refusal to set aside the summary judgment under section 473, subdivision (b).

claims concerning future income from the property, and it was Las Vegas Land's responsibility to investigate the property. Las Vegas Land amended its complaint twice, and Wilkie filed an answer. In December 2010, Wilkie moved for summary judgment.

On February 18, 2011, Las Vegas Land moved ex parte for a continuance of the hearing on the summary judgment motion set for March 9, 2011. The court denied the application. Las Vegas Land did not file an opposition to the summary judgment motion, but its counsel appeared at the hearing.[3] The court granted summary judgment based on Wilkie's evidence. Judgment was therefore entered against Las Vegas Land on March 18, 2011.

Approximately six months later, on September 12, 2011, Las Vegas Land filed a "motion for relief from motion for summary judgment ruling" under section 473, subdivision (b). Las Vegas Land argued that it had not filed an opposition to the summary judgment motion due to "bad lawyering," and that it could not obtain an affidavit of fault from its prior attorneys because one was being prosecuted for stealing money from plaintiff and the other had cut off contact with plaintiff. In the motion, Las Vegas Land requested permission to file an opposition to the motion for summary judgment and argued that the court was required to grant this relief pursuant to the mandatory provision of section 473, subdivision (b). Approximately a month later, Las Vegas Land filed a proposed opposition to Wilkie's motion for summary judgment.

---

[3] In fact, two attorneys attended the hearing for Las Vegas Land: Jamaul Cannon, whose motion to be relieved as counsel was pending, and James Autrey, who had not yet substituted in as counsel for Las Vegas Land.

This "motion for relief" was heard on December 16, 2011 and denied on the following grounds: (1) Las Vegas Land did not file a copy of the proposed opposition with the motion for relief; (2) no affidavit of fault was submitted; and (3) the failure of Las Vegas Land's counsel to "perform effectively" did not "constitute a sufficient ground for setting aside a motion for summary judgment ruling." Las Vegas Land timely appealed.

### *CONTENTIONS*

Las Vegas Land contends that the trial court erred in denying its request to vacate the summary judgment under the mandatory provision of section 473, subdivision (b) because (1) the provision applies to summary judgments, and (2) allows an exception to the requirement that the moving party submit an attorney affidavit of fault when a client has been abandoned by its counsel.

### *DISCUSSION*

1. *The Mandatory Provision of Section 473, Subdivision (b)*
   *Does Not Apply to Summary Judgments*

"The issue of whether the mandatory provision of section 473(b) applies to summary judgments is a task of statutory construction, subject to de novo review. [Citation.]" (*Henderson v. Pacific Gas & Electric Co.* (2010) 187 Cal.App.4th 215, 226.) Section 473, subdivision (b) provides that "[t]he court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be

4

accompanied by a copy of the answer or other pleading proposed to be filed therein . . . . Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect."

In challenging the trial court's denial of its "motion for relief" under section 473, subdivision (b), Las Vegas Land relies exclusively on the mandatory provision of the statute which requires the court to vacate a "default" or "default judgment or dismissal" entered against a party when that party's counsel swears in an affidavit that the default or dismissal was "caused by the attorney's mistake, inadvertence, surprise, or neglect."

There is a split of authority as to whether the mandatory provision of section 473, subdivision (b) applies to the entry of summary judgment. Las Vegas Land relies on *Avila v. Chua* (1997) 57 Cal.App.4th 860 for the proposition that the mandatory provision applies where a dismissal was entered after the court struck the plaintiff's tardy opposition to the defendant's motion for summary judgment and entered judgment for defendant. The *Avila* court reasoned that relief was proper because the case was "directly analogous to a default judgment" and the plaintiff had "lost his day in court due solely to his lawyer's failure to timely act." (*Id.* at p. 868.)

5

More recent cases, however, hold that the provision for mandatory relief does not apply to summary judgments. (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1418 ["As *English* [*v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130] and its progeny recognize, the mandatory provision 'applies only to relief sought in response to defaults, default judgments or dismissals.' [Citation.]"]; *Prieto v. Loyola Marymount University* (2005) 132 Cal.App.4th 290, 295 ["The mandatory provision is expressly predicated on the entry of a default by the clerk. If an opposition to a motion for summary judgment is filed late, as in *Avila*, or not at all, as in this case, the clerk does not enter a default."]; *English v. IKON Business Solutions, Inc., supra,* 94 Cal.App.4th at p. 143 ["[W]e find nothing in the statute to suggest the Legislature intended the mandatory provision of the statute to apply to summary judgments."].)

We agree with the more recent line of case authority. The mandatory provision of section 473, subdivision (b), empowers the court to vacate "any (1) resulting *default* entered by the clerk against his or her client, and which will result in *entry of a default judgment*, or (2) *resulting default judgment or dismissal* entered against his or her client . . . . " (Italics added.) It does not authorize a court to set aside a summary judgment, and, as explained by the court in *English v. IKON Business Solutions*, a summary judgment is neither a "default judgment" nor a "dismissal."

"The word 'default' has both a broad meaning and a narrow meaning. Broadly, a 'default' is '[t]he omission or failure to perform a legal or contractual duty . . . . ' (Black's Law Dict. (7th ed. 1999) p. 428.) Narrowly, the word 'default' refers to a defendant's failure to answer a complaint. [Citations.] As used in the mandatory

6

provision of section 473(b), 'default' carries its narrower meaning . . . [because] [t]he mandatory provision of the statute requires the court to vacate not any 'default,' but only a 'default entered by the clerk . . . which will result in entry of a default judgment . . . .' [¶] With the word 'default' thus properly understood, the meaning of the term 'default judgment' follows inexorably. A 'default judgment' within the meaning of section 473(b) is a judgment entered after the defendant has failed to answer the complaint and the defendant's default has been entered. [Citations.] . . . [¶] A summary judgment does not result from a defendant's failure to answer the complaint." (*English v. IKON Business Solutions, Inc., supra*, 94 Cal.App.4th at pp. 143-144.)

"A similar conclusion follows with regard to the word 'dismissal.' . . . [¶] '[I]n the context of pleadings and motions, a dismissal is the withdrawal of an application for judicial relief by the party seeking such relief, or the removal of the application by a court.' [Citing Epstein, J. dissent in *Yeap v. Leake* (1997) 60 Cal.App.4th 591, 603.] . . . [¶] A summary judgment is not 'the removal . . . by a court' 'of an application for judicial relief.' [Citation.]" (*English v. IKON Business Solutions, Inc.*, *supra*, 94 Cal.App.4th at pp. 144-149.) Accordingly, the mandatory provision does not encompass summary judgments.

Although the *Avila* court held that the mandatory provision should be extended to apply to cases that are "directly analogous to a default judgment," we conclude that section 473, subdivision (b) should be limited to the narrow class of cases in which a default judgment or a dismissal has been entered. We agree with the comments of

7

Justice Epstein in his dissent in *Yeap* and believe that they have full application here. "[T]o read the mandatory provision of Code of Civil Procedure section 473 to apply whenever a party loses his or her day in court due to attorney error goes far beyond anything the Legislature has done." (*Yeap v. Leake, supra,* 60 Cal.App.4th at p. 605 [dis. opn. of Epstein, J.].)

2. *There Is No Exception to the Requirement That a Moving Party Submit an Attorney Affidavit of Fault Under the Mandatory Provision of Section 473, Subdivision (b)*

Las Vegas Land argues that a client who has been abandoned by its attorney should not be required to submit an attorney affidavit of fault under the mandatory provision of section 473, subdivision (b). However, the plain language of the statute does not provide for any exception to this requirement: the provision requires the court to vacate any resulting default, default judgment or dismissal "whenever an application for relief . . . is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect."

In addition, the record here does not establish that Las Vegas Land was abandoned by its attorneys, Jamaul Cannon and James Autrey. Cannon submitted a declaration in support of the opposition to the "motion for relief" stating that he advised Las Vegas Land's officer, Amir Shokrian, that an opposition to the motion for summary judgment was due, and Shokrian told him that Las Vegas Land had hired two other attorneys, including Autrey, to prepare the opposition. In Las Vegas Land's reply, it did not dispute this. Las Vegas Land also did not provide any admissible evidence showing that it ever tried to obtain an affidavit of fault from Autrey. This record does

8

not support Las Vegas Land's allegation on appeal that it was abandoned by its attorneys.

Furthermore, in the case of an attorney's abandonment of a client, the injured client's remedy is to bring a motion for *discretionary* relief under section 473. As set forth in *English v. IKON Business Solutions*: "In the appropriate circumstances, of course, relief from a summary judgment may be available to either a plaintiff or a defendant under the discretionary provision of section 473(b). [Citation.] This is so because *discretionary relief* under the statute is not limited to defaults, default judgments, and dismissals, but *is available from any judgment.*" (*English v. IKON Business Solutions, Inc., supra,* 94 Cal.App.4th at p. 149; italics added.) The client also has the right to bring an action against its attorney. Accordingly, a client abandoned by its attorney at the summary judgment stage is not without remedies even though it cannot rely upon the mandatory provision of section 473, subdivision (b).[4]

---

[4] In light of our conclusions here, we have no need to address the additional reason that supports the trial court's ruling: Las Vegas Land's failure to timely file "a copy of the answer or other pleading proposed to be filed" with the motion as required. (Section 473, subdivision (b).) Nonetheless, we have also examined Las Vegas Land's proposed opposition to the motion for summary judgment and, in our view, the motion would still have been granted on the merits had the opposition been considered by the court. There was no admissible evidence provided that raised any triable issues of fact.

## DISPOSITION

The judgment is affirmed.  The defendant shall recover its costs on appeal.


*CERTIFIED FOR PUBLICATION*


                                                CROSKEY, Acting P. J.

WE CONCUR:


KITCHING, J.


ALDRICH, J.