Filed 9/2/22  Coker v. L.L. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| TREVOR COKER, | C094221 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2020-00285200-CU-NP-GDS) |
| v. |  |
| L.L., |  |
| Defendant and Respondent. |  |

Plaintiff Trevor Francis Coker and defendant L.L. were in a romantic relationship that ended in 2019.  In 2020, plaintiff filed a complaint against defendant and a codefendant, asserting causes of action sounding in malicious prosecution, defamation per se, intentional infliction of emotional distress, and conspiracy.  The allegations of the complaint were based on numerous reports defendants allegedly made to law enforcement accusing plaintiff of domestic violence and violating a domestic violence restraining order (DVRO) which, according to plaintiff, were false.

1

Defendant filed a special motion to strike the complaint insofar as asserted against her pursuant to Code of Civil Procedure section 425.16.[1]  Plaintiff filed a memorandum of points and authorities in opposition, but did not address, or submit evidence for, the second step of the two-step analysis applicable to such motions.  After the trial court granted defendant's special motion to strike, plaintiff filed a motion to set aside the order and judgment pursuant to section 473, subdivision (b).  The trial court denied the motion, concluding plaintiff's counsel's failure to advance argument and present evidence on the second prong of the section 425.16 analysis constituted conduct falling below the professional standard of care rather than excusable neglect.

Plaintiff appeals, asserting the trial court should have granted him relief under either the discretionary or the mandatory provisions of section 473, subdivision (b).

We affirm but remand for a determination as to defendant's appellate attorney fees.

## FACTUAL AND PROCEDURAL BACKGROUND

### *The Complaint*

Plaintiff and defendant were in a romantic relationship and lived together from approximately June 2017 to January 2019.  The relationship deteriorated, and, in September 2020, plaintiff filed a complaint against defendant and a codefendant.  The complaint asserted four causes of action:  malicious prosecution, defamation per se, intentional infliction of emotional distress, and conspiracy.

Each cause of action involved plaintiff's assertions that defendants made several false and malicious reports to law enforcement.  Defendant obtained a DVRO against

---

[1]    The special motion to strike, frequently referred to as an anti-SLAPP motion, is the procedural vehicle provided by Code of Civil Procedure section 425.16 to strike legal actions intended as a "strategic lawsuit against public participation."  (*Equilon Enterprises v. Consumer Cause, Inc*. (2002) 29 Cal.4th 53, 57.)

Further undesignated statutory references are to the Code of Civil Procedure.

2

plaintiff, and plaintiff alleged defendant subsequently filed false reports claiming plaintiff had violated the DVRO. According to plaintiff, defendants both had filed multiple false and malicious reports with law enforcement, accusing him of domestic violence and of violating the DVRO. As a result, plaintiff had been arrested and charged with two misdemeanor counts of violating a temporary restraining order. The charges were eventually dismissed for lack of evidence. According to plaintiff, defendant continued to file false police reports against him.

### *Plaintiff's Special Motion to Strike Pursuant to Section 425.16*

Defendant filed a special motion to strike the complaint insofar as asserted against her pursuant to section 425.16. In support of her motion, defendant asserted the action arose out of statements or writings made before a judicial proceeding, made in connection with an issue under consideration or review by a judicial body, and in furtherance of her exercise of the constitutional right of petition. She further asserted plaintiff could not establish a probability of success on the merits.

Plaintiff's counsel filed a memorandum of points and authorities in opposition to defendant's special motion to strike. After setting forth the two-prong analysis, plaintiff's counsel asserted defendant could not satisfy the first prong "because making a false police report is ***not*** a protected activity under the statute." Plaintiff's counsel did not address the second prong of the analysis. Nor did he include any evidence with the opposition.

In a tentative ruling, the trial court granted defendant's special motion to strike. The trial court concluded defendant satisfied the first prong, that her statements constituted protected activity. Relying on *Dwight R. v. Christy B.* (2013) 212 Cal.App.4th 697, the court stated that a defendant may properly invoke the anti-SLAPP mechanism "if the plaintiff's allegations of unlawful activity have not been established by uncontroverted evidence or admission." The court stated that defendant did not concede she filed a false police report and there was not uncontroverted evidence

3

that her police reports were false. Therefore, the court concluded defendant satisfied her burden on the first prong. The court then stated: "Plaintiff did not file any evidence in support of his opposition. He simply filed a memorandum of points and authorities. Accordingly, he has not met his burden on the second prong of the anti-SLAPP statute."

Thus, the court granted defendant's motion, concluding she had established plaintiff's complaint arose from protected conduct and plaintiff had failed to show a reasonable probability of prevailing on the merits. There was no request for oral argument. The trial court affirmed its tentative ruling.

### *Plaintiff's Motion to Set Aside the Order and Judgment Pursuant to Section 473*

Plaintiff filed a motion pursuant to section 473, subdivision (b) to set aside the order and judgment on the grounds of attorney mistake, inadvertence, surprise, or neglect. Plaintiff asserted his attorney mistakenly filed the opposition to the special motion to strike "believing the allegations averred in the complaint were sufficient to overcome the motion to strike." Plaintiff included with his motion a declaration by his attorney, a proposed opposition, the complaint, a declaration completed by plaintiff, and additional exhibits.

In his declaration, plaintiff's attorney stated he did not request oral argument because "this Court's ruling was unequivocal and clear." Plaintiff's attorney further stated: "While substantial evidence exists that both Defendants filed or caused to be filed knowingly, falsely, maliciously, and without probable cause, false police reports against Plaintiff, I only addressed the first prong of anti-SLAPP analysis (whether complaint arises from 'protected activity'), and did not provide further evidence under the second prong of probability of prevailing on the merits. I should have." He continued: "This omission was a good faith mistake predicated on my neglect in not realizing the importance of supplementing the pleadings with further evidence of the Defendants' culpability, and my belief that Defendant . . . could not withstand the requirement of the first prong."

4

In opposition, defendant asserted her motion put plaintiff on notice of the need to introduce evidence in response, and that plaintiff offered no explanation for failing to do so "besides being a human prone to mistakes." Defendant asserted plaintiff's counsel could not reasonably have failed to appreciate the need to present evidence pursuant to the second prong. Her memorandum of points and authorities discussed the two-prong analysis and the requirement on the second prong for the plaintiff to demonstrate the complaint is supported by a prima facie showing of facts. Defendant further asserted that the omission in failing to make argument and present evidence on the second prong "does not warrant relief under . . . section 473[, subdivision ](b) because it is not a mistake that would be made by a reasonably prudent person and is more appropriately characterized as falling below the professional standard of care required of attorneys."

***The Order Appealed From***

In a tentative ruling, the trial court denied plaintiff's motion to set aside the order and judgment pursuant to section 473. The court determined it was clear plaintiff's counsel was aware of the two prongs of the anti-SLAPP analysis, but counsel "simply believed Plaintiff could defeat the anti-SLAPP motion on the first prong, and thus chose not to even address the second prong and present supporting evidence." Thus, the court concluded plaintiff's counsel "made a calculated determination not to advance an argument, which led to an adverse ruling against Plaintiff." However, quoting case law, the court stated, " 'The advancement of arguments is the very essence of the professional responsibilities assumed by attorneys; failure to timely make an argument cannot, therefore, be considered a mistake permitted to an untrained "reasonably prudent person" within the meaning of section 473.' " (*Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 684.) The court then observed that plaintiff's counsel "compounded the error by deciding not to call for oral argument or raise this challenge until two months after the minute order was issued." The court concluded: "Counsel's failure to advance an argument and

5

present evidence is conduct falling below the professional standard of care, not excusable neglect."

Following oral argument, the trial court affirmed its tentative ruling with a modification not relevant here.

## DISCUSSION

### I

### Applicable Law

#### A. *Section 425.16 Anti-SLAPP Special Motion to Strike*

In considering plaintiff's claims on this appeal, we first set forth the two-step analytical framework applicable to an anti-SLAPP special motion to strike.

" 'Resolution of an anti-SLAPP motion involves two steps. First, the defendant must establish that the challenged claim arises from activity protected by section 425.16. [Citation.] If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success. We have described this second step as a "summary-judgment-like procedure." [Citation.] The court does not weigh evidence or resolve conflicting factual claims. Its inquiry is limited to whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment. It accepts the plaintiff's evidence as true, and evaluates the defendant's showing only to determine if it defeats the plaintiff's claim as a matter of law. [Citation.] "[C]laims with the requisite minimal merit may proceed." ' [Citation.] . . . As to the second step inquiry, a plaintiff seeking to demonstrate the merit of the claim 'may not rely solely on its complaint, even if verified; instead, its proof must be made upon competent admissible evidence.' " (*Sweetwater Union High School Dist. v. Gilbane Building Co.* (2019) 6 Cal.5th 931, 940.) The requirement that the plaintiff at the second step must tender competent admissible evidence and may not rely solely on the complaint has been clearly set forth in published case law for many years before plaintiff filed his complaint and opposed

6

defendant's special motion to strike.  (*Ibid*.; *Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788; *San Diegans for Open Government v. San Diego State University Research Foundation* (2017) 13 Cal.App.5th 76, 95; *City of Costa Mesa v. D'Alessio Investments, LLC* (2013) 214 Cal.App.4th 358, 376.)

### B.  Section 473, Subdivision (b)

"Section 473[, subdivision ](b) contains two distinct provisions for relief from default.  The first provision . . . is discretionary and broad in scope:  'The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect.'  [Citation.]  The second provision is mandatory, at least for purposes of section 473, and narrowly covers only default judgments and defaults that will result in the entry of judgments.  This provision . . . declares as follows:  'Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect.' "  (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 838-839, quoting § 473, subd. (b).)  Under the mandatory provision, "[r]elief is mandatory when a complying affidavit is filed, even if the attorney's neglect was inexcusable." (*Rodrigues v. Superior Court* (2005) 127 Cal.App.4th 1027, 1033.)  " 'It is settled "[t]he granting or denial of a motion to set aside an order or judgment under section 473," ' " at least as far as the discretionary provision is concerned, " ' "rests largely in the discretion

7

of the trial court, and its decision will not be disturbed on appeal unless there has been a clear abuse of discretion." ' " (*Casey v. Hill* (2022) 79 Cal.App.5th 937, 961-962.)

## II

## Motion to Set Aside Under Section 473, Subdivision (b)

Plaintiff asserts the trial court erred in denying his motion to set aside the order and judgment. He asserts he was entitled to relief under either the discretionary provision or the mandatory provision of section 473, subdivision (b). We conclude the trial court did not err.

### A. *The Discretionary Provision*

Plaintiff asserts discretionary relief was appropriate due to an honest mistake of law based on conflicting appellate opinions addressing the standard of proof required to overcome the first prong under the anti-SLAPP analytical framework.

" 'A party who seeks relief under section 473 on the basis of mistake or inadvertence of counsel must demonstrate that such mistake, inadvertence, or general neglect was excusable because the negligence of the attorney is imputed to his client and may not be offered by the latter as a basis for relief.' [Citation.] In determining whether the attorney's mistake or inadvertence was excusable, 'the court inquires whether "a reasonably prudent person under the same or similar circumstances" might have made the same error.[ ]' [Citation.] In other words, the discretionary relief provision of section 473 only permits relief from attorney error 'fairly imputable to the client, i.e., mistakes anyone could have made.' [Citation.] 'Conduct falling below the professional standard of care, such as failure to timely object or to properly advance an argument, is not therefore excusable. To hold otherwise would be to eliminate the express statutory requirement of excusability and effectively eviscerate the concept of attorney malpractice.' " (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 258, italics omitted.)

"An honest mistake of law is a valid ground for relief when the legal problem posed ' "is complex and debatable." ' [Citations.] The controlling factors in determining whether a mistake of law is excusable are the reasonableness of the misconception and the justifiability of the failure to determine the correct law. [Citations.] '[W]here the court finds that the alleged mistake of law is the result of professional incompetence based upon erroneous advice [citation], general ignorance of the law or lack of knowledge of the rules [citation], or unjustifiable negligence in the discovery or research of the law, laxness or indifference [citations][,] normally relief will be denied.' [Citation.] There is nothing in section 473 to suggest it 'was intended to be a catch-all remedy for every case of poor judgment on the part of counsel which results in dismissal.' " (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 611-612.)

Defendant filed her special motion to strike, with evidence, arguing, with regard to the first prong, that her statements were made before a judicial proceeding, were made in connection with an issue under consideration or review by a judicial body, and were made in furtherance of her exercise of her right to petition. (See § 425.16, subd. (e).) She also asserted her communications were privileged under Civil Code section 47.

In opposing defendant's motion, plaintiff filed a memorandum of points and authorities arguing defendant's actions did not constitute protected activity. On appeal, plaintiff emphasizes several cases on which his attorney relied in opposing defendant's special motion to strike, asserting that, in light of this case law, counsel's approach in opposing defendant's special motion to strike constituted an honest mistake of law. We set forth the case law on which plaintiff relies, as it forms the basis for his contention on appeal.

In *Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, the Supreme Court stated: " 'When a " 'complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by

9

the plaintiff is credited' " [citation], it is not subject to being stricken as a SLAPP.' " (*Id.* at p. 738.) The Supreme Court further stated: "Neither section 425.16 itself nor anything in our anti-SLAPP jurisprudence diminishes the viability of meritorious malicious prosecution claims . . . ." (*Id.* at p. 740.)

According to plaintiff, *Lefebvre v. Lefebvre* (2011) 199 Cal.App.4th 696 (*Lefebvre*), "stands for the proposition that, almost by definition, making a false police report is not a constitutionally protected activity." Importantly, the trial court in *Lefebvre* found that "the record 'conclusively' established that [the defendant's] and [a codefendant's] statements to the police were 'illegal activity' under Penal Code section 148.5, and, as such, not 'protected activity' within the meaning of the anti-SLAPP statute." (*Id.* at p. 701.) The Court of Appeal stated the defendant did "not contest that she submitted an illegal, false criminal report . . . ." (*Id.* at p. 705.)

In *Hagberg v. California Federal Bank* (2004) 32 Cal.4th 350, 375, the Supreme Court stated that Civil Code section 47, subdivision (b) "operates to bar civil liability for any tort claim based upon a privileged communication, with the exception of malicious prosecution . . . ."

Lastly, plaintiff's counsel relied on *ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, for its standard of considering evidence on a special motion to strike. The language in that case, in context, describing the procedures in the second step of the section 425.16 analysis, reads as follows: "To show a probability of prevailing for purposes of section 425.16, a plaintiff must ' " 'make a prima facie showing of facts which would, if proved at trial, support a judgment in plaintiff's favor.' " ' [Citation.] This standard is 'similar to the standard used in determining motions for nonsuit, directed verdict, or summary judgment,' in that the court cannot weigh the evidence. [Citations.] However, the plaintiff 'cannot simply rely on the allegations in the complaint' [citation], but 'must provide the court with sufficient *evidence* to permit the court to determine

whether "there is a probability that the plaintiff will prevail on the claim." ' "
(*ComputerXpress,* at p. 1010.)

Synthesizing these cases, plaintiff asserts that his attorney, "in squirming through the rabbit holes of appellate opinions regarding anti-SLAPP motions, came to a reasonable conclusion . . . that the averments in the complaint which described with specificity where, how, and why defendants made false statements without probable cause to law enforcement, were sufficient to withstand [defendant's] special motion to strike."

We are not persuaded.

If plaintiff counsel's understanding of the case law were credited, it would essentially negate the second prong, and, in fact, negate the special motion to strike itself, where allegations of malicious prosecution are asserted. Plaintiff's reliance on *Lefebvre* is, essentially, for the proposition that the mere allegation of malicious prosecution establishes the defendant was not engaged in protected activity. If this premise, and plaintiff's synthesis of these cases, were correct, to withstand a defendant's special motion to strike in a case such as this, a plaintiff would merely have to point to allegations in the complaint that the defendant's reports to law enforcement were false and constituted malicious prosecution. Taking the allegations of the complaint as true and not weighing the evidence, courts would always deny a special motion to strike at the first step because a defendant would not be able to establish he or she was engaged in protected activity.

Plaintiff's reliance on *Lefebvre* for this premise is misplaced. The record in that case conclusively established the defendant's statements to police were illegal and, as such, not protected activity (*Lefebvre, supra*, 199 Cal.App.4th at p. 701), and the defendant did "not contest that she submitted an illegal, false criminal report" (*id*. at p. 705). *Lefebvre* does not stand for the premise that an *allegation* of a false police report will establish the defendant was not engaged in protected activity. Rather, *Lefebvre*

11

would support the premise that a *factually established or uncontested* allegation of a false police report could establish the defendant was not engaged in protected activity.

Plaintiff's position is further undermined by a case on which his attorney *did not* rely but which was quoted by the trial court. The trial court stated that a defendant may properly invoke the anti-SLAPP mechanism "if the plaintiff's allegations of unlawful activity have not been established by uncontroverted evidence or admission." The trial court relied on language in *Dwight R. v. Christy B., supra*, 212 Cal.App.4th at pages 711-712, which stated: "when the defendant's assertedly protected activity *may or may not be* unlawful, the defendant may invoke the anti-SLAPP statute *unless* the activity is unlawful as a matter of law. [Citation.] An activity may be deemed unlawful as a matter of law when the defendant does not dispute that the activity was unlawful, or uncontroverted evidence conclusively shows the activity was unlawful." Here, whether defendant made false reports is a contested matter. Plaintiff asserts his attorney was unaware of *Dwight R.* However, merely claiming ignorance of the existence of this 2013 case does not establish excusable neglect.

Compounding his error, plaintiff's counsel did not advance argument as to the second prong at all, instead apparently believing, based on his misunderstanding of the case law, that the averments in the complaint were certain to withstand any showing by defendant as to the first prong.

We conclude plaintiff's counsel's conduct in his opposition on the first prong, and his failure altogether to address the second prong supported by evidence, is analogous to " 'failure to timely object or to properly advance an argument, [and] is not therefore excusable.' " (*Zamora v. Clayborn Contracting Group, Inc., supra*, 28 Cal.4th at p. 258; accord *Toho-Towa Co., Ltd. v. Morgan Creek Productions, Inc.* (2013) 217 Cal.App.4th 1096, 1112 [failure to introduce readily available, compelling evidence supporting client's position is not a mistake a reasonably prudent person in the same circumstances might have made but rather conduct falling below the professional standard of care; trial

12

court acted within its discretion in denying § 473 motion based on attorney's excusable neglect]; *Garcia v. Hejmadi, supra*, 58 Cal.App.4th at p. 684 [the "advancement of arguments is the very essence of the professional responsibilities assumed by attorneys; failure to timely make an argument cannot, therefore, be considered a mistake permitted to an untrained 'reasonably prudent person' within the meaning of section 473"].) Under the circumstances of this case, we would not characterize this error as excusable neglect. This is an error more appropriately described as " 'general ignorance of the law or lack of knowledge of the rules [citation], or unjustifiable negligence in the discovery or research of the law, laxness or indifference . . . .' " (*State Farm Fire & Casualty Co. v. Pietak, supra*, 90 Cal.App.4th at p. 611.)

We conclude the trial court did not abuse its discretion in denying plaintiff's motion to set aside the order and judgment pursuant to the discretionary provision of section 473, subdivision (b).

### B.  The Mandatory Provision

With regard to the second, mandatory provision of subdivision (b) of section 473, plaintiff asserts relief was warranted in what he characterizes as an "order of dismissal based on attorney fault." Plaintiff asserts that, even absent a finding of an honest mistake of law, the trial court should have granted mandatory relief based on attorney fault.

Defendant counters that plaintiff's counsel's error was a failure to advance argument in opposing an evidentiary motion, and therefore relief pursuant to the mandatory provision of section 473, subdivision (b), which only applies in the context of a default, default judgment, or dismissal, is not available to plaintiff.

As the Supreme Court observed, the second, mandatory provision of subdivision (b) of section 473 "is mandatory, at least for purposes of section 473, and narrowly covers only default judgments and defaults that will result in the entry of judgments." (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC, supra*, 61 Cal.4th at p. 838; accord, *Martin Potts & Associates, Inc. v. Corsair, LLC* (2016)

13

244 Cal.App.4th 432, 438 [the mandatory relief provision of § 473 "is narrower in scope insofar as it is only available for defaults, default judgments, and dismissals"].)

As plaintiff acknowledges, there is a dearth of case law addressing whether the mandatory provision of section 473, subdivision (b) is applicable to an order granting a special motion to strike. Nevertheless, analogizing to a somewhat similar procedural mechanism, summary judgment, we shall conclude mandatory relief is not available to plaintiff here.

In *English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130, another panel of this court addressed "whether the trial court erred in refusing to vacate the summary judgment under the mandatory provision of section 473[, subdivision ](b)." (*Id*. at p. 136.) Ultimately, the court concluded "the mandatory provision of section 473[, subdivision ](b) simply does not apply to summary judgments because a summary judgment is neither a 'default,' nor a 'default judgment,' nor a 'dismissal' within the meaning of section 473[, subdivision ](b)." (*Id*. at p. 138.)

In a more recent case, *The Urban Wildlands Group, Inc. v. City of Los Angeles* (2017) 10 Cal.App.5th 993 (*The Urban Wildlands Group, Inc.*), the appellate court discussed and followed the analysis in *English* to reach the same conclusion; that summary judgment is not a default, default judgment, or dismissal. (*Id*. at pp. 998-1000.)

As the court noted in *The Urban Wildlands Group, Inc.*, numerous Court of Appeal decisions have followed the line of reasoning in *English*. (*The Urban Wildlands Group, Inc., supra*, 10 Cal.App.5th at p. 999, citing *Las Vegas Land and Development Co., LLC v. Wilkie Way, LLC* (2013) 219 Cal.App.4th 1086, 1091, *Henderson v. Pacific Gas & Electric Co.* (2010) 187 Cal.App.4th 215, 228-229, *Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1418; *Hossain v. Hossain* (2007) 157 Cal.App.4th 454, 458; *Vandermoon v. Sanwong* (2006) 142 Cal.App.4th 315, 321; *Prieto v. Loyola Marymount University* (2005) 132 Cal.App.4th 290, 295-297; *Gotschall v. Daley* (2002) 96 Cal.App.4th 479, 483-485.)

14

We agree with this line of cases and find it persuasive in considering whether the special motion to strike pursuant to section 425.16 here is a default, default judgment, or dismissal within the meaning of the mandatory provision of section 473, subdivision (b).

The mechanisms of summary judgment pursuant to section 437c and a special motion to strike pursuant to section 425.16 are, of course, not the same, although they have their similarities. (See, e.g., *Baral v. Schnitt* (2016) 1 Cal.5th 376, 384 ["We have described this second step" of the special motion to strike analytical framework "as a 'summary-judgment-like procedure' "].) However, we conclude that a special motion to strike pursuant to section 425.16 is no more a default, default judgment, or dismissal within the meaning of the mandatory provision of section 473, subdivision (b) than is a motion for summary judgment. Accordingly, we conclude plaintiff is not entitled to relief pursuant to that mandatory provision here.

The cases upon which plaintiff relies do not persuade us otherwise. The motion at issue in *Rodriguez v. Brill* (2015) 234 Cal.App.4th 715, was "a motion for dismissal as a terminating sanction . . . ." (*Id*. at p. 725.) The Court of Appeal concluded "mandatory relief under section 473[, subdivision ](b) for 'any . . . dismissal entered' encompasses dismissals entered as a terminating sanction for discovery abuse." (*Id*. at p. 726.) In the other case on which plaintiff relies, the trial court sustained a demurrer and entered judgment in favor of the defendants when the plaintiff failed to respond to the demurrer. (*Pagnini v. Union Bank, N.A.* (2018) 28 Cal.App.5th 298, 301.) The Court of Appeal concluded the demurrer was a "dismissal motion for purposes of Section 473[, subdivision ](b)." (*Id.* at p. 304.) *Rodriguez* and *Pagnini* do not address the applicability of the mandatory provision of section 473, subdivision (b) to the granting of a special motion to strike pursuant to section 425.16.

Plaintiff asserts his attorney's failure to address the second prong of the special motion to strike analysis was "tantamount to not opposing [the] motion at all." (Italics omitted.) Having concluded the mandatory provision of section 473, subdivision (b) does

15

not apply to the order granting defendant's special motion to strike, we do not consider, for example, the impact of counsel's failure or whether or not it would be characterized as "inexcusable." (See *Martin Potts & Associates, Inc. v. Corsair, LLC, supra*, 244 Cal.App.4th at p. 438 ["the mandatory relief provision is broader in scope insofar as it is available for inexcusable neglect [citation], while discretionary relief is reserved for '*excusable* neglect' "].) Our task in deciding whether the mandatory provision is available to a plaintiff is not to ask whether an attorney's *performance* in a tendered opposition was such that it was no more effective than a default and deprived the plaintiff of his or her day in court; we ask instead whether the *judicial proceeding* involved a default, default judgment, or dismissal. We have concluded here that it did not. Accordingly, plaintiff is not entitled to relief pursuant to the mandatory provision of section 473, subdivision (b).

## III

## Attorney Fees

Defendant asserts she is entitled to attorney fees and costs because "defense of this frivilous [*sic*] appeal relates to the underlying SLAPP motion." She asserts attorney fees are mandatory for a prevailing defendant on a special motion to strike, and that the amount recoverable "includes time not spent exclusively in pursuit of the anti-SLAPP motion." Thus, defendant requests that we "award her attorney fees and costs."[2]

Section 425.16, subdivision (c)(1) provides, in part: "Except as provided in paragraph (2), in any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." "Section 425.16, subdivision (c), is intended to compensate a defendant for the expense of responding to a SLAPP suit. [Citation.] To this end, the provision 'is broadly construed

---

[2] Plaintiff declined to file a reply brief on appeal and thus did not respond to defendant's contentions concerning appellate attorney fees.

16

so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extracting herself from a baseless lawsuit.' " (*Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi* (2006) 141 Cal.App.4th 15, 22 (*Wanland*).)

" ' "A statute authorizing an attorney fee award at the trial court level includes appellate attorney fees unless the statute specifically provides otherwise." [Citation.]' [Citation.] Section 425.16, subdivision (c) provides that a prevailing defendant is entitled to recover attorney fees and costs, and does not preclude recovery on appeal." (*Dowling v. Zimmerman* (2001) 85 Cal.App.4th 1400, 1426.)

The general rule is that "the fee 'provision [of section 425.16, subdivision (c)] applies only to the motion to strike, and not to the entire action.' " (*S. B. Beach Properties v. Berti* (2006) 39 Cal.4th 374, 381.) However, courts have permitted an award of attorney fees for responding to an appeal from the order granting a special motion to strike (*Morrow v. Los Angeles Unified School Dist.* (2007) 149 Cal.App.4th 1424, 1446), for bringing the fees and costs motion itself (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1141), and for challenging an undertaking submitted by the plaintiff to stay enforcement of the award pending appeal (*Wanland, supra*, 141 Cal.App.4th at p. 21). In *Wanland*, another panel of this court reasoned: "If an award of costs and attorney fees is not permitted for a challenge to an inadequate undertaking submitted to stay enforcement of an award of attorney fees under section 425.16, subdivision (c), the protection provided to a defendant who is brought into court for exercising free speech and petition rights would be compromised. This would be inconsistent with the Legislature's directive that section 425.16 be broadly construed to encourage continued participation in free speech and petition activities. [Citations.] In our view, the full protection of a defendant's rights requires an award of attorney fees for litigating the adequacy of the plaintiff's undertaking." (*Id*. at p. 22.)

Here, plaintiff does not appeal from the order granting defendant's special motion to strike pursuant to section 425.16. Rather, he appeals from the order denying his

17

motion pursuant to section 473, subdivision (b) to set aside an order and judgment granting defendant's section 425.16 special motion to strike. Defendant nevertheless had to respond to this challenge, in the trial court and now on appeal, to preserve the trial court's order granting her special motion to strike and to " 'extract[ ] herself from a baseless lawsuit.' " (*Wanland, supra*, 141 Cal.App.4th at p. 22.) Agreeing with the rationale expressed in *Wanland*, we conclude an award of attorney fees here is appropriate and within the authority of section 425.16, subdivision (c).

## DISPOSITION

The order denying plaintiff's motion to set aside the order and judgment is affirmed. Defendant shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).) The matter is remanded for a determination of defendant's attorney fees on this appeal.


                                         /s/
                                         HOCH, J.


We concur:


 /s/
MAURO, Acting P. J.


 /s/
DUARTE, J.


18