Filed 11/18/24  Alvarado v. Bridgeview Saugus Homeowners Assn. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ALEX ALVARADO,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>RIDGEVIEW SAUGUS HOMEOWNERS ASSOCIATION,<br><br>Defendant and Respondent. | B332535<br><br>(Los Angeles County Super. Ct. No. 20CHCV00648) |

APPEAL from a judgment and postjudgment  orders of the Superior Court of Los Angeles County.  Melvin Sandvig, Judge. Affirmed.

Lubin Pham + Caplin, Namson N. Pham and JC Chimoures for Plaintiff and Appellant.

Kulik Gottesman Siegal & Ware and David A. Bernardoni for Defendant and Respondent.

_____

Alex Alvarado (Alvarado) and his wife Patricia Alvarado (collectively plaintiffs) reside in Ridgeview Saugus in Los Angeles County. They filed suit against the Ridgeview Saugus Homeowners Association (Association). The trial court granted the Association's motion for summary adjudication against Alex Alvarado (Alvarado) for lack of standing to sue. Alvarado appeals from the judgment and related postjudgment orders arguing he does have standing to sue. We disagree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

We summarize the underlying facts and proceedings to the extent they are relevant to the challenges to the rulings on the motions for summary adjudication, for a continuance, for reconsideration, and for relief from judgment.

### A. Transfer of Alvardo's Ownership Interest in the Ridgeway Saugus Property to His Wife

On November 17, 2006, plaintiffs acquired title to their Ridgeway Saugus property (property). The same day, they recorded an interspousal transfer grant deed, which conveyed Alvarado's ownership interest in the property to his wife, as her "sole and separate property." The property is located in Ridgeview Saugus, a planned development in Los Angeles County. Ridgeview Saugus is subject to a declaration of covenants, conditions, and restrictions (CC&R's or governing documents). The Association, whose members are the Ridgeview Saugus property owners, is responsible for enforcing the CC&R's.

### B. Plaintiffs' Suit Filed Against the Association

Plaintiffs engaged in disputes with their Ridgeway Saugus neighbors from 2018 through 2020. In October 2020, plaintiffs

2

sued the neighbors and the Association.[1]  Plaintiffs' claims against the Association are all based on its alleged failure to enforce the CC&R's against the neighbors and its selective enforcement of the CC&R's against plaintiffs.  The Association answered the complaint in December 2020.

## C.   Association's Motion for Summary Adjudication and Plaintiffs' Motion for a Continuance

The Association first learned of plaintiffs' November 17, 2006 interspousal transfer grant deed during discovery in January 2023.  As pertinent here, the Association moved for summary adjudication against Alvarado in February 2023 for lack of standing.  The Association argued Alvarado had no right to enforce the Association's governing documents because he was not a record owner of the property nor a member of the Association.  And there was no evidence he regained an ownership interest after the 2006 interspousal transfer grant deed was recorded.

Plaintiffs opposed the motion but did not respond to the Association's standing argument.  Alvarado did submit a supporting declaration, stating plaintiffs "jointly own" the property and "[b]oth of our names are on the title."  Attached was a July 21, 2017 deed of trust in plaintiffs' names recorded against the property to secure a loan.

In the alternative, plaintiffs requested a continuance, asserting "facts essential to justify opposition exist but cannot be presented for reasons outside [of plaintiffs'] control."  Plaintiffs' showing of good cause consisted of a declaration by plaintiffs'

---

[1] The neighbors Michael and Althea Meadows are not parties to this appeal.

counsel that the depositions of certain witnesses had yet to be taken or completed.

At the hearing on the motions, the trial court took the matter under submission following counsels' arguments. On June 6, 2023, the court issued a written ruling granting the Association's summary adjudication motion against Alvarado for lack of standing and denying plaintiffs' alternative motion to continue.

Judgment was entered on June 22, 2023.

## D. Transfer of Wife's Ownership Interest in the Property to Both Plaintiffs

On June 12, 2023, six days after the trial court issued its ruling on the summary adjudication motion, Patricia Alvarado signed a second interspousal transfer grant deed conveying the property to plaintiffs "wife and husband as joint tenants" as of "January 1, 2016." The document was recorded on June 21, 2023.

## E. Alvarado's Application for Reconsideration

On June 21, 2023, the day before entry of judgment, Alvarado applied for reconsideration, arguing: (1) an earlier missing and unrecorded grant deed (a "wild deed") put title to the property in both their names; and (2) the recording of the 2023 interspousal transfer grant deed retroactively transferred ownership of the property to plaintiffs as joint tenants. According to Alvarado, the second interspousal transfer grant deed was a new and different fact justifying reconsideration by the trial court as establishing Alvarado's standing. The Association filed opposition. On August 23, 2023, the trial court denied the application.

4

**F.     Alvardo's Motion for Relief from Entry of Judgment**

On July 26, 2023, Alvarado moved for both mandatory and discretionary relief from entry of judgment.  The Association opposed the motion.  The court denied the motion, finding no basis for relief under either theory.

Plaintiffs timely filed a notice of appeal; however, only Alvarado filed briefs.

## DISCUSSION

**I.     The Motion for Summary Adjudication Was Properly Granted**

**A.     Applicable Law and Standard of Review**

As with summary judgment, summary adjudication is appropriate when the moving party shows "[it] is entitled to a judgment as a matter of law" (Code Civ. Proc., § 437c, subd. (c)[2]) because, among other things, the nonmoving party (here, Alvarado) cannot establish "[o]ne or more of the elements of [its] cause of action."  (§ 437c, subd. (*o*)(1).)  Because a motion for summary adjudication "necessarily includes a test of the sufficiency of the complaint" (*Centinela Hospital Assn. v. City of Inglewood* (1990) 225 Cal.App.3d 1586, 1595), summary adjudication is also warranted if the entire cause of action is unsupported by the law.  (*Long Beach Memorial Medical Center v. Kaiser Foundation Health Plan, Inc.* (2021) 71 Cal.App.5th 323, 336.)  "Because the propriety of summary adjudication and the subsidiary question of the validity of a cause of action involve questions of law, our review is de novo."  (*Ibid.*)  As part of our de novo review, we "consider[] all the evidence set forth in the

---

[2] Undesignated statutory references are to the Code of Civil Procedure.

moving and opposition papers except that to which objections were made and sustained." (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 65–66.)

### B. Standing

Except as otherwise provided by statute, "[e]very action must be prosecuted in the name of the real party in interest." (§ 367.) The real party in interest is the person who holds title to the claim or property involved, as opposed to one who may be interested or benefited from the litigation. (*Gantman v. United Pacific Ins. Co.* (1991) 232 Cal.App.3d 1560, 1566.) The purpose of the real party in interest requirement is "to save a defendant, against whom a judgment may be obtained, from further harassment or vexation at the hands of other claimants to the same demand." (*Giselman v. Starr* (1895) 106 Cal. 651, 657; *O'Flaherty v. Belgum* (2004) 115 Cal.App.4th 1044, 1062.) Standing is a question of law that we review de novo. (*IBM Personal Pension Plan v. City and County of San Francisco* (2005) 131 Cal.App.4th 1291, 1299.)

### C. Alvarado Lacked Both Standing to Sue and Membership in the Association

From our independent review, we conclude Alvarado has no standing to bring his claims against the Association. The complaint's causes of action asserted against the Association are all premised on the Association's failing to enforce its governing documents against the neighbors or selectively enforcing the governing documents against plaintiffs from 2018 through 2020. Alvarado lacks standing because the evidence established he was not a record owner of the property during this period. His wife Patricia Alvarado was the sole owner.

6

Nor was Alvarado a member of the Association as defined by its governing documents as a "record owner" of the property. This is consistent with Civil Code section 4160, which states: " 'Member' means an owner of a separate interest."  Parties who are not owners of a separate interest in a common interest development, lack standing to bring an action against the homeowners association for violations of its governing documents and the Davis-Stirling Act."[3]  The right of enforcement is inextricable from ownership of the property and could not be assigned to residents.  Residents who are not owners, are not members of the homeowners association. (*Martin v. Bridgeport Community Assn., Inc.* (2009) 173 Cal.App.4th 1024, 1036–1037.)  As a resident and nonowner of the property, Alvarado had no right to enforce its governing documents, nor to compel the Association to enforce them.

Alvarado resists these conclusions.  He contends a triable issue of fact exists as to his ownership of the property.  First, Alvarado argues the trial court should have inferred from the 2006 interspousal transfer grant deed, his declaration of ownership, and the 2017 deed of trust that he owned the property sometime between 2006 and 2018.  However, the trial court sustained the Association's evidentiary objections and excluded Alvarado's declaration of ownership and the 2017 deed of trust on various grounds.  Alvarado has not challenged these rulings on appeal.  We therefore consider this evidence to have been properly excluded. (*Lopez v. Baca* (2002) 98 Cal.App.4th 1008,

---

[3] The Davis-Stirling Common Interest Development Act, commonly known as the Davis-Stirling Act, governs an action to enforce the recorded CC&R's of a common interest development. (Civ. Code, §§ 4000–6150.)

7

1015.)  As a result, no evidence supports Alvarado's suggested inference to create a triable issue of fact.  (See *Fashion 21 v. Coalition for Humane Immigrant Rights of Los Angeles* (2004) 117 Cal.App.4th 1138, 1149.)

Alvarado further argues standing is conferred because he served on the Association's board of directors, which is open only to members under the Association's CC&R's and the Davis-Stirling Act.  (See Civ. Code, § 5105, subd. (b).)  We are not persuaded.  Alvarado's status as a board member has no bearing on whether he satisfied the property ownership requirement of both the Association's governing documents and the Davis-Stirling Act.  The bottom line is standing is not something to be inferred in this case.  Its existence rested on legal documents that Alvarado was obligated, but failed, to produce establishing his right to sue.

Finally, Alvarado contends the Association's separate statement was fatally defective for failing to identify who owned the property when the suit was filed.  To the extent his assertion has a whiff of merit, Alvarado has forfeited any objection to this alleged procedural defect by failing to raise it in the trial court. (*Children's Hospital & Medical Center v. Bonta* (2002) 97 Cal.App.4th 740, 776 [" 'An appellate court will not consider procedural defects or erroneous rulings where an objection could have been, but was not, raised in the court below' "].)

## II.    The Denial of Alvarado's Motion to Continue Was Not an Abuse of Discretion

Alvarado contends the trial court improperly denied his alternative request to continue the hearing on the summary adjudication motion.  Section 437c, subdivision (h) mandates a continuance of the hearing " ' " 'upon a good faith showing *by*

8

*affidavit* that a continuance is needed to obtain facts essential to justify opposition to the motion.' " ' " (*Mahoney v. Southland Mental Health Associates Medical Group* (1990) 223 Cal.App.3d 167, 170.)  A continuance is not mandatory, however, when no affidavit is submitted or when the submitted affidavit fails to make the necessary factual showing.  (*Frazee v. Seely* (2002) 95 Cal.App.4th 627, 633–634.)  In the absence of an affidavit that requires a continuance under section 437c, subdivision (h), the trial court's denial of a request for a continuance is reviewed for abuse of discretion.  (*FSR Brokerage, Inc. v. Superior Court* (1995) 35 Cal.App.4th 69, 72.)

The trial court denied Alvarado's request for a continuance on the ground he had failed to make the requisite factual showing under Code of Civil Procedure section 437c, subdivision (h).  The declaration of plaintiffs' counsel stated only that the depositions of certain witnesses were either incomplete or not yet taken.  "It is not sufficient under the statute merely to indicate further discovery or investigation is contemplated."  (*Roth v. Rhodes* (1994) 25 Cal.App.4th 530, 548.)  The declaration does not provide facts indicating the proposed discovery would show Alvarado was the record owner of the property, and thus had standing.  Denial of the requested continuance was not an abuse of discretion.

## III.   The Postjudgment Motions Were Properly Denied
### A.     Application For Reconsideration

Alvarado erroneously contends his application for reconsideration under section 1008 was wrongly denied.  The application was filed on June 21, 2023.  Judgment against Alvarado was entered on June 22, 2023.  At the August 23, 2023 hearing, the trial court denied the application for lack of

jurisdiction, among other reasons.  The ruling was correct.  "It is well settled that entry of judgment divests the trial court of authority to rule on a motion for reconsideration."  (*Safeco Ins. Co. v. Architectural Facades Unlimited, Inc.* (2005) 134 Cal.App.4th 1477, 1482.  Once the judgment was entered, the court lost jurisdiction to consider the application, even though it was pending when the judgment was entered.  (*Ibid.*; accord, *Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 187, 193; *APRI Ins. Co. S.A. v. Superior Court* (1999) 76 Cal.App.4th 176, 180, 182.)

### B.    Motion For Relief From Judgment

The trial court denied Alvarado's motion for relief from judgment.  We review the trial court's order denying relief pursuant to section 473 for abuse of discretion.  (*Robbins v. Los Angeles Unified School Dist.* (1992) 3 Cal.App.4th 313, 319.)  We review any subsidiary factual findings for substantial evidence.  (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257–258.)

Section 473, subdivision (b) "provides 'two distinct provisions for relief' from default or dismissal."  One makes relief mandatory and the other allows discretionary relief.  (*Jackson v. Kaiser Foundation Hospitals, Inc.* (2019) 32 Cal.App.5th 166, 173.)

### 1.    No mandatory relief

The mandatory relief provision states, as pertinent here: "Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any

10

(1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or

(2) resulting default judgment or dismissal entered against his or her client." (§ 473, subd. (b).)

Alvarado was not entitled to mandatory relief under section 473, subdivision (b), because the provision does not apply to summary judgments (and summary adjudications). (*English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130, 138.) A summary judgment "is neither a 'default,' nor a 'default judgment,' nor a 'dismissal' within the meaning of [the statute]." (*Ibid.*) Alvarado's reliance on *Avila v. Chua* (1997) 57 Cal.App.4th 860, 868, in which the court reached a contrary conclusion, is misplaced. This court has declined to follow it (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 621) as well as a host of other courts (*Las Vegas Land & Development Co., LLC v. Wilkie Way, LLC* (2013) 219 Cal.App.4th 1086, 1090; *Henderson v. Pacific Gas & Electric Co.* (2010) 187 Cal.App.4th 215, 228; *Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1415; *Hossain v. Hossain* (2007) 157 Cal.App.4th 454, 458; *Prieto v. Loyola Marymount University* (2005) 132 Cal.App.4th 290, 295–296; *Solv-All v. Superior Court* (2005) 131 Cal.App.4th 1003, 1012.) The *Avila* court recently disapproved of its decision. (*The Urban Wildlands Group, Inc. v. City of Los Angeles* (2017) 10 Cal.App.5th 993, 1000.)

### 2. No discretionary relief

In contrast, the discretionary relief provision states, in relevant part, the trial court "may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or

11

excusable neglect." (§ 473, subd. (b).) "The party seeking relief . . . bears the burden of proof in establishing a right to relief," including a satisfactory excuse for the default. (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410.) "Where ' "a party fails to show that a judgment has been taken against him through his mistake, inadvertence, surprise or excusable neglect the court may not grant relief. It has no discretion." ' " (*Huh v. Wang, supra,* 158 Cal.App.4th at p. 1423.)

Within the context of section 473, subdivision (b), mistake and neglect are excusable if a reasonably prudent person under similar circumstances might have made the same error. (*McClain v. Kissler* (2019) 39 Cal.App.5th 399, 414.)

Alvarado was not entitled to discretionary relief because he failed to establish mistake or excusable neglect. The focus of his claim for discretionary relief was a response by the Association to plaintiffs' request for admission, which Alvarado argues is dispositive of the issue of ownership. (See *Gelfo v. Lockheed Martin Corp.* (2006) 140 Cal.App.4th 34, 48 ["A judicial admission is a party's unequivocal concession of the truth of a matter, and removes the matter as an issue in the case"].)

In April 2021, the Association admitted that both Alvarado and his wife owned the Ridgeview Saugus property. (The admission was made before the Association learned in January 2023 of the 2006 interspousal transfer grant deed during discovery.) This admission was not included with plaintiffs' opposition to the Association's summary adjudication motion. In a supporting declaration, plaintiffs' counsel stated the omission was accidental, caused by the failure to upload an electronic file due to a busy practice, a time crunch, employee turnover, exhaustion, and lack of oversight. In seeking discretionary relief,

12

Alvarado characterized the omission as a " 'ministerial' " or " 'clerical' " error.

The trial court noted plaintiffs' motion for discretionary relief suggests plaintiffs had opposed summary adjudication by arguing the Association admitted Alvarado owned the property and plaintiffs' counsel simply forgot to attach the discovery response as a supporting exhibit. Upon reviewing the opposition, the court realized this was not the case. Plaintiffs' opposition made no such argument. Indeed, we do not find any mention in the opposition of the Association's discovery response, or Alvarado's standing to sue, property ownership or Association membership. Rather than a ministerial or clerical error, this was a failure to advance an argument that Alvarado is now attempting to make using section 473, subdivision (b). That is not a proper basis for discretionary relief. " 'Conduct falling below the professional standard of care, such as failure to timely object or to properly advance an argument, is not therefore excusable. To hold otherwise would be to eliminate the express statutory requirement of excusability and effectively eviscerate the concept of attorney malpractice.' " (*Zamora v. Clayborn Contracting Group, Inc., supra,* 28 Cal.4th at p. 258.)

## DISPOSITION

The judgment and postjudgment orders are affirmed. Plaintiff Alex Alvarado is to bear costs on appeal.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


ASHMANN-GERST, J.


HOFFSTADT, J.

14